288 So.2d 319 (1974)
STATE of Louisiana
v.
Arthur WILLIAMS, Jr.
No. 53880.
Supreme Court of Louisiana.
January 14, 1974.
*320 Murphy W. Bell, Director, Warren J. Hebert, Trial Attorney, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Bob H. Hester, Sp. Prosecutor to Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
Defendant, Arthur Williams, Jr., was charged by bill of information with simple kidnapping, a violation of R.S. 14:45, and was convicted after a trial by jury. Defendant was sentenced to pay a fine of $2,000.00, in default of which he would be imprisoned in the parish jail for six months, and to serve five years at hard labor, with credit for time served to be given on the five year portion of the sentence. Defendant perfected this appeal, and relies on one bill of exceptions for a reversal of his conviction and sentence.
The bill of exceptions was reserved when the trial court denied defense counsel's motion to excuse the entire jury venire panel summoned for possible service on defendant's jury. On the morning of the day that defendant was scheduled to go to trial on a charge of aggravated kidnapping, the office of the Clerk of Court posted on the door of the courtroom in which defendant was to be tried a notice which stated defendant's name, the presiding judge's name and notations showing that two indictments, one for aggravated kidnapping and one for another crime, were filed against defendant. Prior to trial the district attorney filed a bill of information charging the defendant with simple kidnapping and agreed to nolle prosequi the aggravated kidnapping charge. The defendant was arraigned on the simple kidnapping charge and entered a plea of not guilty. As the court personnel and counsel prepared to commence selection of the jury, defense counsel announced that he wished to make a motion out of the presence of the prospective jurors. Thereupon he moved that the entire jury panel be excused on the basis that the notice showing the two indictments made the prospective jurors aware that defendant was charged with two serious crimes, neither of which he was to be presently tried for, and that the defendant was prejudiced thereby. The motion was denied after argument by counsel and testimony by a deputy sheriff to the effect that the notice had been posted on the courtroom door from about 8:30 a. m. to about 2:30 p. m. and was placed there for the probable purpose of informing people of what cases were on the docket.
We are of the opinion that defendant has failed to show that he was prejudiced by the posting of this notice indicating that he was charged with other crimes. At the hearing held by the trial court to consider the motion, defense counsel established that the notice was posted on the courtroom door for approximately six hours prior to the commencement of jury selection, but made no showing that the prospective jurors, or any one of them, saw the notice so posted. Apparently, even during voir dire examination of prospective jurors, defendant did not attempt to discover if any juror had actually seen the posted notice. Under these circumstances we hold that defendant was not prejudiced by the mere posting of the notice.
In holding, as we do, that defendant was not prejudiced by the conspicuous posting of a notice indicating that he was charged with other crimes, we do not express approval of such a practice. We believe such a procedure is completely unnecessary and could easily result in grave prejudice to a defendant about to be tried for a different *321 and, perhaps, totally unrelated crime. However, in oral argument, the Court was informed by counsel for the defendant that this posting procedure has been discontinued in the district court in which this defendant was tried. We conclude that the bill of exceptions is without merit.
In addition to urging the bill of exceptions disposed of above, counsel for defendant urged in oral argument that there exists error patent on the face of the record. It is contended that the sentence imposed in this case is illegal because defendant's indigency insures that he will have to serve six months in the parish jail in lieu of payment of the $2,000.00 fine. The result, defendant's counsel argues, is a term of imprisonment which exceeds the statutory maximum of five years.
In Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), the United States Supreme Court held that a state "* * * may not constitutionally imprison beyond the maximum duration fixed by statute a defendant who is financially unable to pay a fine. * * *" That court further stated: "* * * A statute permitting a sentence of both imprisonment and fine cannot be parlayed into a longer term of imprisonment than is fixed by the statute since to do so would be to accomplish indirectly as to an indigent that which cannot be done directly." See also Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971).
The necessity of appointing counsel from the Office of the Public Defender to represent defendant in these criminal proceedings establishes to our satisfaction Williams, Jr.'s indigency. We recognize that defendant will be unable to substantially improve his impoverished condition while serving a five year sentence at hard labor as an inmate in the custody of the Department of Corrections. For these reasons we believe that imposition of the maximum term of confinement and the maximum fine violates the spirit of the law as it is enunciated in the Williams decision.
The fine portion of the sentence imposed by the trial court and that portion of the sentence to be served in the parish jail in default of payment of the fine are therefore vacated. In all other respects, defendant's conviction and sentence are affirmed.
SUMMERS, J., concurs in the decree and assigns reasons.
SUMMERS, Justice (concurring).
I do not agree that the posting of a list of cases to be tried is "completely unnecessary" or "could easily result in grave prejudice to a defendant about to be tried for a different and, perhaps, totally unrelated crime." After finding that the posting did not prejudice the defendant, the quoted statements were purely gratuitous and unsupported by any proof or facts in the record. I therefore concur in the result only.