432 So.2d 1012 (1983)
STATE of Louisiana
v.
Donald Lee YOUNG.
Nos. 82 KA 0956-82 KA 0959.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
*1013 Ossie Brown, Dist. Atty., Baton Rouge by Brett Grayson, Asst. Dist. Atty., for plaintiff-appellee.
Vincent Wilkins, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before EDWARDS, WATKINS and SHORTESS, JJ.
SHORTESS, Judge.
Donald Lee Young (defendant) was charged with one count of forgery under La.R.S. 14:72, and a second count of attempted forgery under La.R.S. 14:27 and 14:72. The offenses were tried separately, both before a jury, and defendant was convicted on both charges. Thereafter, the District Attorney filed two separate petitions, under La.R.S. 15:529.1, alleging that defendant was a third time felony offender. These petitions were consolidated for evidentiary purposes, and the trial court found defendant to be a third felony offender on both petitions. Under the provisions of the Habitual Offender Law,[1] defendant was sentenced on the enhanced attempted forgery conviction to serve ten years at hard labor and to pay a fine of $5,000.00 (and costs of court) or, in default thereof, to serve one year in the custody of the Department of Corrections. On the enhanced forgery conviction, defendant was sentenced to serve ten years at hard labor and to pay a fine of $5,000.00 (and costs of court) or, in default thereof, to serve one year in the custody of the Department of Corrections. The sentences were ordered to be served consecutively.
The facts surrounding these offenses are summarized as follows: The forgery conviction arose out of an incident on July 31, 1981, when defendant and his roommate, Gerald Smith, obtained the payroll check of their third roommate, Amos Webster. The check was cashed after Smith forged Webster's name, and he and defendant split the proceeds. The attempted forgery conviction arose out of an incident on August 24, 1981, when a man and woman attempted to *1014 cash what appeared to be a payroll check drawn on the account of "The Register, Inc.," at a Kroger store in Baton Rouge. When the store clerk had difficulty obtaining approval of the check, the couple ran from the store. The license plate number of the car in which they fled was given to the police, who identified the vehicle as being registered to defendant. The clerk was shown a picture line-up, and he identified defendant as one of the participants in the attempted forgery.
Defendant filed separate appeals from these convictions, which were ordered consolidated by this court.[2] Defendant urges two assignments of error:
(1) the trial court erred when it imposed an illegal sentence on the attempted forgery conviction; and
(2) the trial court erred when it imposed excessive sentences on both the forgery and the attempted forgery convictions.

ASSIGNMENT OF ERROR NUMBER 1
The trial judge imposed the maximum sentence for the attempted forgery conviction.[3] Defendant was sentenced to serve ten years at hard labor and to pay a fine of $5,000.00, or in default thereof, to serve one additional year with the Department of Corrections. Defense counsel argues that the sentence is illegal because defendant is indigent and will thus be exposed to an additional year's imprisonment, beyond the maximum sentence allowed, solely due to his inability to pay the fine and costs. The possibility that an indigent defendant might be incarcerated for a term longer than the maximum prison sentence allowed, because of his inability to pay a fine, was addressed by the United States Supreme Court in Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), where the defendant was convicted of petty theft and given the maximum sentence allowed of one year's imprisonment and a $500.00 fine (and court costs). Pursuant to an Illinois statute, if a fine and costs were not paid, an indigent defendant was required to "work off" his fine at a specified rate per day. The court stated:
"We conclude that when the aggregate imprisonment exceeds the maximum period fixed by the statute and results directly from an involuntary nonpayment of a fine or court costs we are confronted with an impermissible discrimination that rests on ability to pay, and accordingly, we vacate the judgment below."
90 S.Ct. at 2022
The Louisiana Supreme Court was faced with a factual situation very similar to the present one in State v. Williams, 288 So.2d 319 (La.1974), where an indigent defendant was given the maximum sentence for simple kidnapping and also sentenced to pay a $2,000.00 fine, or in default thereof, to serve an additional six months in the parish prison. The court found that the sentence violated the spirit of the law as stated in Williams v. Illinois, supra, and ordered the fine and default provisions of the sentence vacated.
The State contends that defendant has not sufficiently proven his indigent status under La.R.S. 15:147. We find, as the court did in State v. Williams, supra, that the appointment of the Office of the Public Defender as counsel, and the continued representation of defendant by that office throughout these appellate proceedings, together with all the circumstances presented by this record, sufficiently established defendant's indigent status. Compare City of *1015 Baton Rouge v. Malik, on reh'g, 404 So.2d 883 (La.1981), and State v. Lukefahr, 363 So.2d 661 (La.1978).
Therefore, that portion of the sentence imposed by the trial court for the conviction of attempted forgery, which required defendant to pay a fine of $5,000.00 or serve an additional year in default thereof, is hereby vacated.

ASSIGNMENT OF ERROR NUMBER 2
Defendant also urges that the sentences imposed on both convictions are excessive, and that the trial court failed to consider defendant's relatively minor role in these offenses. Defense counsel argues that defendant's personal history is indicative of the possibility of rehabilitation, and he lists other mitigating factors which he feels were not properly considered in the imposition of these sentences.
It is well established that the trial judge is given wide discretion in imposing sentences within statutory limits, and sentences imposed by him will not be set aside absent a manifest abuse of that discretion. State v. Carter, 412 So.2d 540 (La.1982); State v. Molinario, 400 So.2d 596 (La.1981); State v. Jacobs, 383 So.2d 342 (La.1980); State v. Barrios, 425 So.2d 980 (La.App. 5th Cir.1983).
Before imposing sentence, the trial judge articulated the factual basis for these sentences. He outlined defendant's extensive juvenile and adult criminal record, including the situations for which defendant was adjudicated a habitual offender. The trial court adopted the transcript of the trial and the pre-sentence report, as a part of the factual basis for his imposition of this sentence. In commenting on defendant's behavior patterns, the trial court noted that defendant had been given numerous opportunities to refrain from criminal activity; however, throughout his career he had responded poorly to outside influences, while displaying exemplary behavior during three prior commitments in custody.
At the sentencing hearing, defendant was given an opportunity to present evidence to the court relative to his sentence, but he chose not to do so.
Defendant also complains that the sentences are excessive, in that they are to run consecutively rather than concurrently. La.C.Cr.P. art. 883 provides in pertinent part:
"If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently."
The usual rule is that sentences are to run concurrently rather than consecutively when the convictions arise out of a single course of conduct, at least for a defendant with no prior criminal record, and in the absence of a showing that public safety requires otherwise. State v. Farria, 412 So.2d 577 (La.1982); State v. Molinario, supra; State v. Underwood, 353 So.2d 1013 (La.1977). However, these convictions did not arise out of a single course of illegal conduct, and defendant has a lengthy criminal record. As a habitual offender, defendant could have been sentenced to a twenty-year term on the basis of the forgery conviction alone.[4] Instead, he received one-half of the maximum term for that charge. Therefore, we find that the sentences, although lengthy, are within the great discretion afforded the trial court.
For the foregoing reasons, we vacate that part of defendant's sentence on the conviction of attempted forgery which required him to pay a fine of $5,000.00 or serve an additional year in default thereof. The remaining parts of the sentences on both charges are affirmed.
AFFIRMED, AS AMENDED.
NOTES
[1] La.R.S. 15:529.1
[2] Defendant assigned various errors in the trial court, but has briefed only those errors concerning his sentences. Those assignments of error not briefed are considered abandoned. State v. Vanderhoff, 415 So.2d 190 (La.1982).
[3] An attempted forgery is punishable by a fine of up to one-half the largest fine for forgery, imprisonment of up to one-half the longest term of imprisonment for forgery, or both. La. R.S. 14:27(D)(3) and 14:72. The maximum penalty which can be imposed for the crime of forgery is a fine of up to $5,000.00, imprisonment of up to ten years, or both. La.R.S. 14:72. Under the Habitual Offender Law, defendant shall be sentenced to at least one-half the longest possible sentence (2½ years), and not more than twice the longest possible sentence (10 years). La.R.S. 15:529.1 A(2)(a).
[4] Under the Habitual Offender Law, defendant could have been given a sentence between five and twenty years. See footnote 3.