444 So.2d 660 (1983)
STATE of Louisiana
v.
Richard SWARTZ.
No. 83 KA 0596.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
*662 Ossie Brown, Dist. Atty., Baton Rouge, by Brett Grayson, Asst. Dist. Atty., for plaintiff-appellee.
Keith Nordyke, Moore & Walters, Baton Rouge, for defendant-appellant.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
LOTTINGER, Judge.
Defendant, Richard Swartz, was charged by bill of information with two counts of armed robbery, violations of La.R.S. 14:64. Defendant pled not guilty. After trial by jury defendant was found guilty as charged on both counts. Defendant was sentenced to thirty-five years at hard labor on each count, without benefit of probation, parole, or suspension of sentence, with the sentences to run consecutively. Additionally, defendant was ordered to pay trial and court costs or serve an additional year in confinement. Defendant appeals his conviction and sentence, arguing and briefing nine assignments of error.[1]

FACTS
On April 19, 1982, at 8:00 p.m., Donita Tarver was robbed while leaving her place of employment, Eckerd's Drug Store on Staring Lane. Two men, one described by Ms. Tarver as having dark hair and the other as having a red bushy beard, accosted her as she opened her car door. Ms. Tarver testified that the man with the dark hair held a silver pistol and that the men fled on foot.
About 45 minutes later, John Merriman was robbed by two men at the Hickory Stick restaurant on Concord Avenue. He testified that the dark-haired man held a small nickel-plated gun, and that both wore beards and were shabbily dressed.
About 1:30 a.m., later that night, Harry Ames and Richard Swartz were arrested, when a complaint was received about two men who were loitering in the back of a restaurant parking lot. Both fit the general descriptions given by Ms. Tarver and Merriman. A small silver pistol was discovered on defendant Swartz. Both men were charged with armed robbery.
Neither Ms. Tarver nor Mr. Merriman were able to identify defendant at out-of-court physical lineups conducted on April 22, 1982. At trial, however, both victims identified Swartz as one of the men who committed the robbery. In addition, both identified the gun introduced into evidence as the silver gun used in the robbery.
Harry Ames testified against Swartz in return for pleading guilty to the lesser charge of simple robbery. He testified that he and Swartz committed two robberies, one of a woman in a store parking lot and another of a man at a barbeque restaurant. He further testified that Swartz used a gun in both robberies. He also stated that he knew Swartz by an alias, Rick Dalton.

ASSIGNMENT OF ERROR NUMBER 1
Defendant argues that the trial court erred in refusing to give the requested jury charge on accomplice testimony.
La.Code Crim.P. art. 807 provides that a requested special charge need not be given if it is included in the general charge or in another special charge. Where the *663 state's case relies on uncorroborated accomplice testimony, the judge should instruct the jury to consider the testimony with caution; where the accomplice's testimony is materially corroborated, however, such a caution need not be given. State v. Schaffner, 398 So.2d 1032 (La.1981); State v. Murray, 375 So.2d 80 (La.1979). Material corroboration is defined in Schaffner, supra, as "... evidence that confirms material points in an accomplice's tale and confirms the defendant's identity and some relationship to the situation." 398 So.2d at 1035.
The accomplice's testimony was corroborated in the instant case. Defendant was identified in court by both victims. The gun found on defendant's person was identified by the victims as the one used by their assailant. Further, Ames' story was corroborated by the two victims stating that it was the dark-haired robber (defendant) and not Ames (the bushy red-bearded robber) who held the gun. A by-standing witness to the Tarver robber described defendant and Ames to the police, and the description matched those given by the victims.
Thus, the trial court's instructions on general witness credibility (which included a caution of bias or interest of witnesses) were adequate here.

ASSIGNMENTS OF ERROR NUMBERS 2, 5 AND 7
The defendant argues in these assignments that the trial court erred in sustaining the conviction and denying his motion for a new trial because there was insufficient evidence to convict him.
Defendant claims specifically that the evidence consisted almost entirely of the uncorroborated testimony of his accomplice. Neither the victims nor the by-standing witnesses were able to identify defendant at a line-up conducted several days after the robberies.
As we have noted above, however, the accomplice's testimony was corroborated by other testimony and evidence. Judged in the light most favorable to the prosecution, the evidence is sufficient to allow a rational trier of fact to find that the elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Furthermore, even if Ames' testimony was uncorroborated, such testimony could sustain a conviction. State v. May, 339 So.2d 764 (La.1976). State v. Matassa, 222 La. 363, 62 So.2d 609 (1953).
These assignments lack merit.

ASSIGNMENTS OF ERROR NUMBERS 3, 4 AND 8
Defendant here argues that his sentences are unconstitutionally excessive in light of the sentence his accomplice received and the order to serve them consecutively.
The length of the sentences given to other defendants in similar circumstances is only one factor to be considered in determining whether a particular sentence is excessive. State v. Day, 414 So.2d 349 (La.1982). The accomplice Ames apparently received a suspended sentence after pleading guilty to simple robbery.
The record of the sentencing hearing reflects the trial judge's thoughtful reasoning behind his decision to sentence defendant to two thirty-five year consecutive sentences. Defendant had a record of two juvenile offenses, and two prior felony offenses (burglary and escape from jail). He had shown no remorse for his crime, while his accomplice had cooperated with the authorities immediately. Defendant was the robber who had held the gun on the victims. Defendant had nothing to say when the judge asked him if he knew of any mitigating factors in his favor.
Additionally, defendant's sentences are for convictions for crimes that did not arise out of a single course of conduct; rather, the robberies were separate and distinct. As such, the imposition of consecutive sentences here is not an abuse of the trial judge's discretion. See La.Code Crim.P. *664 art. 883; State v. Farria, 412 So.2d 577 (La.1982).
ASIGNMENT OF ERROR NUMBER 6
Defendant contends that the trial court erred in admitting testimony which indicates that he used an alias.[2] Defendant argues that the evidence was irrelevant, contains no probative value, and that the state was only attempting to show the defendant was "a bad man." The state submits that, since identification was an issue at trial, evidence regarding the name of the defendant was relevant. Furthermore, the prosecution argues this information was solicited to prevent the jury from being confused should Ames refer to defendant by the name Dalton during his testimony.
La.R.S. 15:441 provides:
"Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent. Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible.
Whether evidence is relevant is within the discretion of the trial judge and his ruling will not be disturbed on appeal in the absence of a clear abuse of discretion. State v. Chaney, 423 So.2d 1092 (La.1982).
Although the state contends the evidence of defendant's alias was used to identify him, we find that the relevancy of this testimony is nil. The record does not reflect any references to defendant by the name Dalton other than during Ames' testimony when asked for the name by the prosecutor. It seems unlikely that this information was solicited for identification purposes or to prevent confusion. Nevertheless, the evidence is not so prejudicial as to merit reversal. La.Code Crim.P. Art. 921.
Since defendant has not demonstrated that he was prejudiced by the court's ruling, the error was harmless. State v. Johnson, 343 So.2d 155 (La.1977). If error is committed and this court finds beyond a reasonable doubt that the error was harmless in the light of the total circumstances, the defendant's conviction will not be overturned. State v. Humphrey, 412 So.2d 507 (La.1982).
ASSIGNMENT OF ERROR NUMBER 9
Here defendant complains that the sentence is unconstitutional in that it sentences him to an additional year in prison if he does not pay court costs. He claims he is indigent. Where an indigent defendant is given a greater sentence than the maximum period fixed by law because of his inability to pay a fine or court costs, the sentence discriminates impermissably. State v. Williams, 288 So.2d 319 (La.1974). State v. Young, 432 So.2d 1012 (La.App. 1st Cir.1983).
Although defendant appears to be an indigent, his total sentence for the two counts and the failure to pay is 71 years, far below the maximum statutory period of 198 years. Thus the imposition of the additional year imprisonment for failure to pay costs is legal.
Therefore, for the above and foregoing reasons, the convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] Assignment of error number 10 was not addressed in brief to this Court. An assignment of error not briefed is considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.
[2] The colloquy between co-defendant Harry Ames and the prosecutor was as follows:

Q. (Mr. Grayson) Who all was in the car with you?
A. There was me, Rick Swartz, Bobbin Swartz and Rick Kincaid.
Q. Now youWhat is the name that you know this individual by?
(Defense objected and the trial judge overruled the objection.)
Q. Again by what name do you know the defendant?
A. Rick Dalton, Sir.