475 So.2d 33 (1985)
STATE of Louisiana, Appellee,
v.
Robert Earl COON, Appellant.
No. 17039-KA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1985.
E. Roland Charles, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James Allan Norris, Jr., Dist. Atty., Geary Aycock, Asst. Dist. Atty., West Monroe, for appellee.
Before MARVIN, SEXTON and NORRIS, JJ.
NORRIS, Judge.
Defendant, Robert Earl Coon, age 30, was charged with distribution of marijuana in violation of LSA-R.S. 40:966, which carries a maximum penalty of imprisonment at hard labor for ten years and a $15,000 fine. Pursuant to plea negotiations between the defendant's appointed counsel and the State of Louisiana, the *34 defendant entered a plea of guilty to attempted distribution of marijuana. At the sentencing hearing, the trial court sentenced defendant to three years at hard labor and imposed a $500 fine and court costs. In default of the payment of the fine and court costs, the trial court imposed 90 days imprisonment.
On appeal, defendant's principal complaint is that the imposition of a $500 fine and court costs, with attendant imprisonment in default of payment, violates an indigent defendant's right to equal protection of the law. The defendant further claims that the portion of the sentence imposing a fine and court costs is unconstitutionally excessive.
As a preliminary matter we note the state's contention that the defendant's equal protection argument is premature. However, finding no merit in defendant's claims, we do not address the prematurity issue. We affirm.

ASSIGNMENT OF ERROR NO. 1
Appellate counsel asserts that the imposition of a $500 fine and court costs upon an indigent defendant constitutes a denial of due process and equal protection of law, citing Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), Morris v. Schoenfield, 399 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 130 (1970) and Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971). The defendant's contention is not well founded. These cases do not hold that an indigent defendant may not be imprisoned in default of the payment of a fine. Williams v. Illinois, supra, rather holds it is a denial of equal protection when the aggregate imprisonment of an indigent defendant exceeds the statutory maximum and results directly from an involuntary nonpayment of court costs. 399 U.S. at 243, 90 S.Ct. at 2023. Tate v. Short, supra, held it was invidious discrimination to imprison an indigent defendant on account of nonpayment of fines for offenses that are otherwise punishable by fines only. See also State v. Williams, 288 So.2d 319 (La. 1974) and State v. Lukefahr, 363 So.2d 661 (La.1978).
The defendant was charged with selling marijuana to an undercover agent on April 9, 1984. He pled guilty to attempted distribution of marijuana. The penalty for attempted violation of LSA-R.S. 40:966 A is five years at hard labor and a $7,500 fine. The trial court had the option at sentencing of imposing a five year hard labor sentence and no fine. The reasons cited below, which support the imposition of a three year hard labor sentence, would also support the imposition of a three and one-fourth year sentence. In the case of an indigent defendant, it is impermissible to impose a prison term in lieu of payment of a fine if it would result in the defendant serving a longer term than the statutory maximum for the offense. Williams v. Illinois, supra; State v. Plaisance, 444 So.2d 665 (La.App. 1st Cir.1983).[1] The appointment of counsel from the office of the Public Defender to represent defendant adequately establishes defendant's indigency. State v. Plaisance, supra. However, the defendant's aggregate sentence does not exceed the statutory maximum. The sentencing judge has not imposed indirectly through the use of a fine and imprisonment in default of payment what he could not have done directly. Rather, he was dealing with a defendant who had a long history of criminal activity including drug related offenses.[2] The defendant *35 admitted the use of marijuana and alcohol consistently for the past ten years. The imposition of a monetary fine in cases such as this involving the distribution of CDS for profit is particularly appropriate. Part of the purpose of the fine is to deprive the defendant of the monetary benefit of his course of criminal conduct. The indigency of the defendant does not cause this sentence to violate due process or equal protection guaranteed by law; therefore, his claim is meritless.

ASSIGNMENT OF ERROR NO. 2
The defendant asserts that the portion of his sentence imposing a $500 fine and court costs is unconstitutionally excessive. In default of the payment of the fine and court costs, the trial court imposed 90 days imprisonment. The imposition of a sentence in default of paying a fine is statutorily authorized. See C.Cr.P. art. 884. Furthermore, it is well settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir. 1983), writ denied 439 So.2d 1074 (La.1983).
The sentencing guidelines of LSA-C. Cr.P. art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in article 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La. App. 2d Cir.1983), writ denied 438 So.2d 1112 (La.1983); State v. Smith, 433 So.2d 688 (La.1983).
In sentencing the defendant, the trial judge noted the seriousness of the offense and the defendant's extensive criminal record. Although defendant pled guilty to attempted distribution of marijuana, the evidence would have supported a conviction for distribution of marijuana. This factor is a legitimate point for consideration in reviewing a sentence. Cf. State v. Taylor, 430 So.2d 686 (La.App. 2d Cir. 1983), writ denied 438 So.2d 575 (1983). The defendant could have received as much as ten years at hard labor and fine of up to $15,000 on the offense he was originally charged with. Consequently, the defendant received a substantial benefit when the state allowed him to plead to a lesser offense. The trial court also noted that the defendant is not legally eligible for probation. The maximum fine imposable under the statute was $7,500; however, in imposing a $500 fine, the trial court adverted to the small amount of money involved and the defendant's lack of drug-related convictions in the last several years. Considering the serious nature of the offense and the defendant's prior criminal record, we cannot find that the imposition of a $500 fine and court costs or imprisonment for 90 days in default of payment in addition to the three year hard labor sentence on this defendant constitutes a constitutionally excessive sentence. Accordingly the defendant's sentence is affirmed.
AFFIRMED.
NOTES
[1] Defendant's counsel claimed to be unaware of any Louisiana decisions affirming terms of imprisonment of indigents for nonpayment of fines. Our cursory search, however, reveals a number of cases on point, all following the result in Williams v. Illinois, supra: State v. Williams, supra; State v. Hernandez, 432 So.2d 350 (La.App. 1st Cir.1983); State v. Young, 432 So.2d 1012 (La.App. 1st Cir.1983); State v. Swartz, 444 So.2d 660 (La.App. 1st Cir.1983).
[2] Defendant's rap sheet lists fourteen arrests between 1971 and 1983, including two convictions for possession and two for distribution of marijuana. Apart from the instant offense, defendant's most recent CDS prosecution is still pending in Lafayette. Defendant has also garnered two arrests for DWI and one for drunk and disorderly conduct. One of the DWI arrests resulted in a conviction in 1983.