GARRISON, Judge.
The defendant, Leonard Turner, was charged by bill of information with armed robbery in violation of LSA-R.S. 14:64[1] and with the possession of a firearm by a convicted felon in violation of LSA-R.S. 14:95.1.[2] The defendant waived his right to *405 trial by jury and was found guilty as charged by the trial judge as to the R.S. 14:64 charge. The defendant subsequently changed his plea from not guilty to guilty on the R.S. 14:95.1 charge.
For the armed robbery conviction, the trial judge sentenced the defendant to thirty-three and one-third years at hard labor without benefit of parole, probation or suspension of sentence. For the possession of a firearm by a convicted felon conviction, the trial judge sentenced the defendant to ten years at hard labor. The defendant received credit for time served on both counts and was ordered to serve these two sentences consecutively.
On June 15, 1984, the trial judge noted that the original sentence was illegal in that the mandatory fine for the 14:95.1 conviction was not imposed in addition to the jail term. Therefore, the trial judge amended the original sentence to include a $1,000 fine or one year at hard labor in default thereof. On May 2, 1985, the trial judge resentenced the defendant as a multiple offender under LSA-R.S. 15:529.1 to 198 years at hard labor without benefit of parole, probation or suspension of sentence and vacated the original sentence for the armed robbery conviction of thirty-three and one-third years at hard labor without benefit of parole, probation or suspension of sentence. Defendant appeals his conviction and sentence.
On February 14, 1984 at approximately 9:45 a.m., Huron Bordelon was sitting in his truck after collecting an insurance payment in the 2200 block of Second Street in New Orleans. At that time, the defendant approached Bordelon with a gun and demanded Bordelon’s money. Bordelon surrendered his wallet, keys and $525.00 to the defendant who then fled the scene. The police arrived shortly thereafter and were unable to locate the defendant. On April 4, 1984, Bordelon spotted the defendant outside of a lounge on First and Dryades Streets. By the time the police arrived, the defendant was no longer outside of the lounge. The defendant later emerged from the lounge and was identified to the police by Bordelon as the man who had robbed him at gunpoint on February 14, 1984. The police placed the defendant under arrest for the armed robbery and a subsequent frisk of the defendant revealed that he was in the possession of a gun. Because a computer check revealed that the defendant was a convicted felon, he was also charged with being a convicted felon in possession of a firearm.
The defendant was also positively identified by Bordelon at trial. Defendant denies committing the armed robbery.
A review of the record for errors patent reveals that the trial judge erred in sentencing the defendant to a $1,000 fine or one year at hard labor in default thereof on his 14:95.1 conviction in addition to the original ten years at hard labor sentence. An indigent defendant cannot be given a term of imprisonment in lieu of a fine when to do so would mean that the defendant would have a term of imprisonment longer than the statutory maximum. State v. Williams, 288 So.2d 319 (La.1974). This rule stems from the leading case of Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), which states that when the aggregate imprisonment exceeds the maximum period fixed by the statute and results directly from an involuntary non-payment of a fine or court costs, this constitutes an impermissible discrimination that rests on the ability to pay. Because the defendant was given the maximum sentence of ten years for the 14:95.1 conviction, he cannot be subjected to an additional year of imprisonment on this conviction because of his indigency.
The record also reveals that the trial judge erred in resentencing the defendant as a multiple offender after an order for appeal had already been entered by the defendant. The appeal order was entered on June 6, 1984 and the resentencing took place on May 2, 1985.
*406 Under the provisions of LSA-C.Cr.P. art. 916,[3] when an order of appeal is entered, the jurisdiction of the trial court is divested and that of the appellate court attaches to the case. Therefore, because the order of appeal in this case was entered prior to the resentencing on the multiple bill, the trial court was without jurisdiction to impose the enhanced sentence. State ex rel. Tuesno v. Maggio, 441 So.2d 1226 (La.1983); State v. Sharper, 383 So.2d 1248 (La.1980); State v. Thomas, 479 So.2d 28 (La.App. 4th Cir.1985).
Therefore, we vacate both the original and enhanced sentences given to the defendant. This ease is remanded to the trial court for resentencing with instructions that the defendant’s indigency is not to subject him to imprisonment beyond the maximum sentence stated in LSA-R.S. 14:95.1. Additionally, in the event that the defendant is resentenced as a multiple offender subsequent to this appeal, his right to appeal his enhanced sentence is reserved to him
Both of defendant’s convictions are affirmed.
CONVICTIONS AFFIRMED
SENTENCES VACATED
CASE REMANDED FOR RESENTENC-ING

. LSA-R.S. 14:64 states:
A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.

. LSA-R.S. 14:95.1 states in pertinent part:
A. It is unlawful for any person who has been convicted of first or second degree murder, manslaughter, aggravated battery, aggravated or simple rape, aggravated kidnapping, aggravated arson, aggravated or simple burglary, armed or simple robbery, burglary of a pharmacy, burlgary of an inhabited dwelling, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony or crime defined as an attempt to commit one of the above enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which if committed in this state, would be one of the above enumerated crimes, to possess a firearm or carry a concealed weapon.
B. Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than three nor more than ten years without benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.

. LSA-C.Cr.P. art. 916 states:
The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction over the matter except to either:
(1) Extend the return day of the appeal, the time for filing assignments of error, or the time for filing per curiam comments in accordance with Articles 844 and 919.
(2) Correct an error or deficiency in the record.
(3) Correct an illegal sentence or reduce a legal sentence in accordance with Article 913(B).
(4) Take all action concerning bail permitted by Title VIII.
(5) Receive assignments of error and add per curiam comments.
(6) Render an interlocutory order or a definitive judgment concerning a ministerial matter not in controversy on appeal.
(7) Impose the penalty provided by Article 844.