480 So.2d 432 (1985)
STATE of Louisiana
v.
Cleveland WILLIAMS.
No. KA-3391.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 1985.
Writ Granted March 21, 1986.
*433 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Pamela S. Moran, Asst. Dist. Atty., New Orleans, for appellee.
Dwight Doskey, Orleans Indigent Defender Prog., New Orleans, for appellant.
Before SCHOTT, LOBRANO and WILLIAMS, JJ.
LOBRANO, Judge.
Defendant, Cleveland Williams, was charged by bill of information with being a convicted felon in possession of a firearm, a violation of La.R.S. 14:95.1.[1] On April 9, 1985, defendant was arraigned and pled not guilty. Trial was held on August 17, 1984, and defendant was found guilty as charged by a twelve person jury. On August 28, 1984, defendant was sentenced to six (6) years at hard labor without benefit of probation, parole or suspension of sentence and fined $1000.00 dollars or one additional year in default thereof.

FACTS:
On March 1, 1984, at approximately 2:00 a.m., Alfred Jenkins was sitting in Flynn's Bar talking and drinking with owners of the bar, Keith and Ronald Beaulieu. Jenkins observed defendant talking with the barmaid, Laura Jackson who Jenkins noticed had a black eye. Jenkins asked Ronald Beaulieu if defendant had given Jackson the black eye. Upon hearing this comment, defendant became enraged and walked over towards Jenkins. In order to avert a fight, Keith Beaulieu pulled defendant outside. Several minutes later, as Keith Beaulieu was re-entering the bar, defendant burst past him brandishing a gun. Defendant pointed the gun at Jenkins. Jenkins rushed defendant and the gun went off, missing Jenkins. Defendant then clubbed Jenkins with the gun inflicting a gash in his forehead. Jenkins knocked the gun from defendant's hand. The investigating officer later found the gun in a trash basket near the bar.
Both defendant and his girlfriend, the barmaid, Laura Jackson, testified at trial. Jackson testified that on the night in question, she was concerned because the cash register was short some sixty or seventy dollars. Defendant was urging her to leave the problem to the owners, the Beaulieus, when a drunken Alfred Jenkins staggered *434 over to defendant and asked him who he thought he was. A fight ensued. Keith Beaulieu hustled defendant into the bathroom. Jackson then saw nothing else that happened as she was pushed outside the bar. She testified that defendant was never pushed outside, contrary to the testimony of the state witnesses.
Defendant remembered the incident the same as Jackson. He claimed that as he left the bathroom and made his way toward the barroom door, Jenkins jumped him and they wrestled to the ground. He denied brandishing a gun but did remember hearing a shot being fired during the struggle.
In his only assignment of error before this court, defendant asserts the trial court erred in imposing an illegal fine upon an indigent. Defendant argues that he was declared an indigent by the trial court following his conviction and the Indigent Defender Office was appointed to represent him on appeal. This fact, he asserts, is continued proof of his indigency. State v. Williams, 288 So.2d 319 (La. 1974); State v. Plaisance, 444 So.2d 665 (La.App. 1st Cir. 1983); State v. Young, 432 So.2d 1012 (La. App. 1st Cir.1983). Defendant further argues that given his indigent status, the automatic nature of the additional jail time must be condemned as a violation of the constitutional guarantees of equal protection and due process. In support of this contention, defendant cites the following United States Supreme Court holdings; Williams v. Illinois, 399 U.S. 236, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); Morris v. Schoonfield, 399 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970); Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). We disagree.
In Tate and Bearden, the defendants were jailed solely because they were unable to pay the fines imposed.[2] In Williams and Morris the additional jail time exceeded the maximum allowed by law for the principal offense.
La.R.S. 14:95.1 mandates both a prison sentence not to exceed ten (10) years and a fine of not more than $5,000.00. Article 884 of the Code of Criminal Procedure provides in part that:
"If a sentence imposed includes a fine or costs, the sentence shall provide that in default of payment thereof the defendant shall be imprisoned for a specified period not to exceed one year."
An indigent defendant may not be given a term of imprisonment in lieu of a fine when to do so would mean that the defendant would have a term of imprisonment longer than the statutory maximum. State v. Williams, supra; State v. Helsley, 457 So.2d 707 (La.App. 2nd Cir.1984); State v. Plaisance, supra; State v. Young, supra.
In the instant case, however, defendant received a sentence of six (6) years at hard labor and a $1000.00 fine with an additional one year in default of payment. The jail time, fine and additional one year for failure to pay are less than the statutory maximum allowed by law and the sentence is therefore legal. State v. Swartz, 444 So.2d 660 (La.App. 1st Cir.1983).
For the foregoing reasons defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] La.R.S. 14:95.1:

"A. It is unlawful for any person who has been convicted of first or second degree murder, manslaughter, aggravated battery, aggravated or simple rape, aggravated kidnapping, aggravated arson, aggravated or simple burglary, armed or simple robbery, burglary of a pharmacy, burglary of an inhabited dwelling, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony of any crime defined as an attempt to commit one of the above enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which if committed in this state, would be one of the above enumerated crimes, to possess a firearm or carry a concealed weapon.
B. Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than three nor more than ten years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars...."
[2] See also, State v. Caballero, 464 So.2d 939 (KA-2293) (La.App. 4th Cir. 1985).