489 So.2d 286 (1986)
STATE of Louisiana
v.
Henry T. WILLIAMS.
No. KA-4083.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1986.
*288 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry Connick, Dist. Atty., Susan Scott Hunt, Asst. Dist. Atty., New Orleans, for appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for appellant.
Before BARRY, CIACCIO and LOBRANO, JJ.
BARRY, Judge.
Henry Williams was convicted of possession of a firearm by a convicted felon, La.R.S. 14:95.1, and sentenced to three years at hard labor without benefit of parole, probation or suspension of sentence. The court also imposed a $1,000.00 fine in default of which an additional six months was to be served.
On June 6, 1984 between 11:30 p.m. and midnight police officers were conducting a narcotics surveillance of 1705 North Broad St. in New Orleans. Officer Frank Wicks saw a yellow Camaro drive up, a black male get out and approach the door of the residence, then an exchange occurred which the officer believed to be a drug transaction. The subject then hurried back to the car which drove away. Wicks' partner, Officer Wethern, and Officers John Johanas and Jeffery Robertson followed in two unmarked cars.
Officer Wethern recognized one of the Camaro's five passengers to be Leonard Martin with whom he was familiar through previous narcotics investigations. Utilizing their two unmarked vehicles, the three officers stopped the car and identified themselves as policemen. A female passenger in the front seat started to reach down to the floorboard area. For safety reasons the officers ordered everybody out, asked for identification, checked out the car floor and found a .38 caliber revolver. Officer Wethern asked for proof of ownership and Williams said it was his gun. After checking *289 all of the names through the computer and discovering Williams had an armed robbery conviction, Officer Wethern placed him under arrest for being a felon in possession of a firearm and advised him of his Miranda rights.
Curtis Adams and James (Leonard) Martin, occupants of the Camaro, testified that the officers threatened everyone with jail when no one claimed the gun. Both men said the officers arrested Williams after finding his felony conviction even though Williams never claimed ownership of the gun.
Williams assigns four errors relating to motions to suppress and the sentence.

MOTION TO SUPPRESS
The trial court stated that "[t]here is no motion to suppress that lies in this particular matter...." since nothing had been taken from Williams.
In Louisiana any person adversely affected by a search or seizure has standing to raise its illegality. La. Const. Art. I, § 5; State v. Owen, 453 So.2d 1202 (La. 1984); State v. Gibson, 391 So.2d 421 (La. 1980).
Stopping an automobile and detaining its occupants constitute a seizure within the meaning of the Fourth Amendment even when the detention is brief and short of a traditional arrest. United States v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). The seizure must be reasonable, but the stop may be justified on facts that do not amount to probable cause to arrest. Determining reasonableness requires balancing the need to search or seize against the invasion it entails. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
A Louisiana law officer may stop a person in a public place whom he reasonably suspects is committing, has committed or is about to commit an offense and may demand his name, address, and an explanation of his actions. La.C.Cr.P. Art. 215.1; State v. Sims, 426 So.2d 148 (La.1983). Reasonable cause for an investigatory detention is something less than probable cause and must be determined under the facts of each case. The officer must have articulable knowledge of particular facts to reasonably suspect the detained person of criminal activity and thus to justify the infringement on that individual's right to be free from governmental interference. State v. Williams, 421 So.2d 874 (La.1982); State v. Keller, 403 So.2d 693 (La.1981).
We are satisfied the police had reasonable cause to stop the Camaro. The focus of the surveillance was a particular residence. Officer Wicks observed what he thought was a narcotics transaction. The man hurriedly returned to the vehicle and it drove off. Officer Wethern recognized one of the passengers through previous narcotics investigations. Wethern testified that on the basis of the activity, the belief that a narcotics transaction had been observed at the Broad Street residence, and his knowledge of Martin, the officers decided to stop the car.
Defense witnesses Adams, the driver, and Martin, a passenger, testified that guns were drawn and the situation was more than a brief stop. However, we are satisfied that stopping the automobile was clearly an investigatory procedure after which the officers identified themselves and asked for identification. In conjunction with such a stop police officers may conduct a limited self-protective search for weapons when their safety requires it. La. C.Cr.P. Art. 215.1; State v. Cobb, 419 So.2d 1237 (La.1982). The action of the female passenger in starting to reach down to the floorboard area was sufficient to cause the officers to fear for their safety.
Considering all of the circumstances, the officers had reasonable cause to check for their protection. See State v. Williams, 421 So.2d at 877.
This assignment has no merit.

ADMISSION OF INCULPATORY STATEMENT
Williams argues it was error to admit his inculpatory statement that he owned the gun.
*290 Officer Wethern testified that he asked whether anyone had proof of ownership of the revolver and Williams said he bought the gun on the street but had no bill of sale. Both defense witnesses denied the statement. The officer said that after finding Williams' felony conviction he gave Williams several opportunities to retract his statement.
Williams contends he and his companions were under arrest and in custody from the time the Camaro was stopped. However, the record refutes that claim. Five individuals were briefly detained on the basis of a reasonable suspicion that they were involved in a drug transaction. The five occupants were asked to produce identification and a limited self-protective search was conducted.
An arrest occurs when the circumstances indicate an intent to effect an extended restraint upon the suspect's liberty. State v. Ruffin, 448 So.2d 1274 (La. 1984). Under these circumstances Williams' arrest did not occur until after he claimed the gun, his identification was checked, and Miranda rights given.
Miranda warnings are not required when the officer is making a general, on-the-scene investigation to determine whether a crime has been committed and who is the perpetrator. State v. Davis, 448 So.2d 645 (La.1984); State v. Brown, 340 So.2d 1306 (La.1976), writ denied 366 So.2d 564 (La.1979).
Where no finger of suspicion has been pointed at a defendant and where he is not the focus of an investigation of a particular crime, we are unwilling to curtail the ability of the police to investigate potential criminal activity. Such a ruling would require that the police administer Miranda warnings to all persons whom they question as to potential breaches of the law, even where the officers are in the preliminary investigatory process of determining whether any crime has indeed been committed. (citations ommitted) State v. Mitchell, 437 So.2d 264, 266 (La.1983).
When Officer Wethern asked all occupants of the car about the gun no suspicion was directed toward Williams nor was he the focus of the investigation.
This assignment lacks merit.

SENTENCE (TWO ASSIGNMENTS)
Williams contends the trial court erred by automatically imposing the minimum fine without considering its suspension and by imposing an additional six months imprisonment in default of payment because he is indigent.
Williams argues that the trial court did not consider suspension of the mandatory fine as a sentencing option under La.R.S. 14:95.1. The trial court declared:
Because Mr. Williams is indigent, I know that he won't be able to pay it, so in this particular matter I want the record to reflect that he cannot be fined the one thousand dollars because he is indigent. He doesn't have the money. In default of the payment of the thousand dollars, he is to do an additional six months, and the court cost is waived in this case.
The docketmaster and minute entry state: "The fine is mandatory although the defendant is indigent."
The state contends the court did not say there was no discretion or describe the penalty as mandatory. The minute entry does specify "mandatory" and the trial judge's words could be so construed. The state also claims the court would have imposed a minimum imprisonment to be served in default thereof if the judge imposed the fine only because it was statutorily mandated.
It is difficult to determine whether the trial court was aware of the suspension of fine option (conceded by both sides but not by this court) and how that knowledge or *291 lack thereof affected the court's discretion. Since we find merit in William's assignment relating to jail time in lieu of the fine, we pretermit that issue.
Williams argues it was error to sentence an indigent to an additional six months in prison in default of the $1,000.00 fine. Although private counsel represented Williams at trial, the sentencing transcript clearly shows that Williams was indigent when sentenced. The necessity to appoint appellate counsel from the Office of the Public Defender establishes indigency. See State v. Williams, 288 So.2d 319 (La.1974); State v. Huffman, 480 So.2d 396 (La.App. 4th Cir.1985). Court costs were waived due to his indigency and the trial court declared Williams' indigent status.
When the aggregate imprisonment exceeds the statutory maximum and results from an involuntary non-payment of a fine, there is an impermissible discrimination that rests solely on the ability to pay. Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); State v. Huffman, 480 So.2d at 398. "[T]he Equal Protection Clause of the Fourteenth Amendment requires that the statutory ceiling placed on imprisonment for any substantive offense be the same for all defendants irrespective of their economic status." (footnote omitted). Williams v. Illinois, 399 U.S. at 244, 90 S.Ct. at 2023-24.
In Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), a statutory penalty involving only a fine was at issue. Quoting from a concurring opinion in Morris v. Schoonfield, 399 U.S. 508, 509, 90 S.Ct. 2232, 2233, 26 L.Ed.2d 773 (1970), the Court adopted the view of the four concurring justices:
[T]he same constitutional defect condemned in Williams also inheres in jailing an indigent for failing to make immediate payment of any fine, whether or not the fine is accompanied by a jail term and whether or not the jail term of the indigent extends beyond the maximum term that may be imposed on a person willing and able to pay a fine.
In Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) the Supreme Court held that a sentencing court could not automatically revoke a defendant's probation because he could not pay the imposed fine without determining that he had not made sufficient bona fide efforts to pay or that adequate alternative forms of punishment did not exist.
Our query is whether imposing a fine on an indigent and then automatically converting the fine into an additional prison term violates the Due Process and Equal Protection Clauses of the United States and Louisiana Constitutions. U.S. Const. Amend. XIV; La.Const. Art. I, §§ 2 and 3.
To determine whether the different treatment for an indigent violates the Equal Protection clause, we must decide whether and under what circumstances a defendant's indigent status may be considered in imposing a fine which can result in additional time. This is substantially similar to asking the due process question of whether and when it is fundamentally unfair to impose such a fine which converts into additional prison time when an indigent is totally unable to pay. See Bearden v. Georgia, 103 S.Ct. at 2069, n. 8.
The state has a fundamental interest in appropriately punishing individuals who break criminal laws whether the persons are rich or poor. Sentencing judges are vested with wide discretion in determining the initial punishment in a particular case and consider many factors including the defendant's financial condition. Bearden v. Georgia, 103 S.Ct. at 2071.
The state's penological interests are served here by imposition of the predicate prison term. The objective of imposing a fine in addition to the sentence relates to augmenting the state's revenues, but that purpose cannot be served when the indigent defendant cannot pay the fine and the additional imprisonment saddles the state with the cost of housing and feeding him for an additional six months. See Tate v. Short, 401 U.S. at 399, 91 S.Ct. at 671.
Louisiana courts have consistently held that an indigent may not be given a fine in *292 default of which a prison term is imposed in excess of the statutory maximum. State v. Williams, 288 So.2d at 319; State v. Williams, 480 So.2d 432 (La.App. 4th Cir. 1985), writ granted 484 So.2d 662 (La.1986); State v. Turner, 480 So.2d 404 (La.App. 4th Cir.1985); State v. Helsley, 457 So.2d 707 (La.App.2d Cir.1984); State v. Plaisance, 444 So.2d 665 (La.App. 1st Cir.1983); State v. Young, 432 So.2d 1012 (La.App. 1st Cir.1983).
The rule of Williams, Tate and Bearden is that the state cannot impose a fine as a sentence and then automatically convert it into a prison term solely because the defendant is indigent and cannot pay the fine regardless of whether the aggregate sentence exceeds the statutory maximum. State v. White, 476 So.2d 1162 (La. App. 3rd Cir.1985); State v. Perry, 472 So.2d 344 (La.App. 3rd Cir.1985); State v. LaGrange, 471 So.2d 1186 (La.App. 3rd Cir.1985). Cf. State v. Jones, 473 So.2d 66 (La.App. 3rd Cir.1985). Contra State v. Williams, 480 So.2d at 432; State v. Garrett, 480 So.2d 412 (La.App. 4th Cir.1985), writ granted 484 So.2d 662 (La.1986); State v. Coon, 475 So.2d 33 (La.App.2d Cir.1985); State v. Swartz, 444 So.2d 660 (La.App. 1st Cir.1983).
Imprisoning a person solely because he lacks funds to pay the fine was condemned in Williams, Tate and Bearden. That is exactly what happened in this case. The trial court imposed the fine, stated that Williams was indigent and could not pay the fine (without considering the reasons for his inability to pay or other alternatives), and declared that in lieu of payment he would have to serve additional time.
Although Williams has not yet defaulted on the fine, we recognize that he will not be able to improve his impoverished condition while serving a three year sentence at hard labor. See State v. Williams, 288 So.2d at 321. An indigent prisoner cannot be subjected to imprisonment because he failed to pay a fine for a longer period of time than someone with the ability to pay. United States v. Mack, 655 F.2d 843 (8th Cir.1981); United States v. Miller, 588 F.2d 1256 (9th Cir.1978), cert. denied 440 U.S. 947, 99 S.Ct. 1426, 59 L.Ed.2d 636 (1979).[1] Thus, the sentence is unconstitutional as a violation of his right to due process and equal protection under the law. U.S. Const. Amend. XIV; La.Const. Art. I, §§ 2 and 3.
We find support in the Louisiana Supreme Court's recent granting of writs on two opinions of this circuit which held that imposition of an additional term for failure to pay a fine or court costs is legal as long as the defendant would not serve longer than the statutory maximum, State v. Williams, 480 So.2d at 434 and State v. Garrett, 480 So.2d at 414. The justices unanimously affirmed the convictions but amended the sentences to delete that portion which imposed additional time in default of payment of the fine and/or court costs. State v. Williams, 484 So.2d 662 *293 (La.1986)[2]; State v. Garrett, 484 So.2d 662 (La.1986).[3]
We also find that sentencing Williams, who has no likelihood or means to pay, to jail for non-payment of a $1,000.00 fine, to be excessive punishment. U.S. Const.Amend. VIII; La. Const. Art. I § 20. See State v. White, 476 So.2d at 1169; State v. Perry, 472 So.2d at 348; State v. LaGrange, 471 So.2d at 1188.
The conviction is affirmed. The sentence is amended to delete that portion which imposes an additional six months in default of payment of the $1,000.00 fine.
CONVICTION AFFIRMED; SENTENCE AMENDED.
LOBRANO, J., concurs.
LOBRANO, Judgeconcurring.
I concur in the result reached by the majority because we are bound by the holdings of our Supreme Court in State v. Williams, 484 So.2d 662 (La.1986) and State v. Garrett, 484 So.2d 662 (La.1986).
I do not agree that the Equal Protection Clause is violated where the total prison term does not exceed the statutory maximum.
NOTES
[1] The federal circuit courts have nonetheless upheld such sentences finding that the possibility of future illegal action when the parole would be denied by the prison authorities did not make the sentence illegal. United States v. Harris, 727 F.2d 401, 407 (5th Cir.1984), cert. denied 105 S.Ct. 143, 83 L.Ed.2d 82 (1984); United State v. Mack, 655 F.2d at 847; United States v. Merrit, 639 F.2d 254, 257 (5th Cir.1981); United States v. Miller, 588 F.2d at 1264; United State v. Estrada de Castillo, 549 F.2d 583, 584-85 (9th Cir.1976). The circuits base their holdings on the existence of a certain federal procedure. At the time of parole consideration the Bureau of Prisons and Board of Parole allow the prisoner to make his indigent status known and to obtain his release if he is unable to pay the fine. Since Louisiana does not have a similar procedure, we find no prematurity problem in our consideration of the issue at this time. See State v. Williams, 288 So.2d at 321. See also Williams v. Illinois, 399 U.S. at 237-38, 90 S.Ct. at 2020 (where the Illinois Supreme Court's rejection of the prematurity argument was not overturned); United States v. Grose, 687 F.2d 1298 (10th Cir. 1982) (where prematurity arguments were discounted). The ripeness issue was not considered by the Louisiana Third Circuit when the argument was couched in terms of excessive sentence. State v. White, 476 So.2d at 1169; State v. Perry, 472 So.2d at 347-48; State v. LaGrange, 471 So.2d at 1188.
[2] Granted. The conviction is affirmed. The sentence is amended, however, to delete only that portion which imposes one additional year in default of payment of the $1000.00 fine. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); Morris v. Schoonfield, 399 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970); Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970).
[3] Granted. The conviction is affirmed. The sentence is amended, however, to delete only that portion which imposes thirty additional days in default of payment of the $74.00 court costs. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); Morris v. Schoonfield, 399 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970); Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970).