484 So.2d 217 (1986)
STATE of Louisiana
v.
Isidros E. LOPEZ.
No. KA-1559.
Court of Appeal of Louisiana, Fourth Circuit.
March 4, 1986.
Rehearing Denied March 19, 1986.
*220 William Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Beryl M. McSmith, Asst. Dist. Atty., New Orleans, for plaintiff-appellee State.
John M. Lawrence, New Orleans, for defendant-appellant Isidros E. Lopez.
Before GULOTTA, KLEES and LOBRANO, JJ.
KLEES, Judge.
STATEMENT OF THE CASE:
Defendants, Isidros Lopez and Nivaldo Bueno were charged by grand jury indictment with first degree murder in violation of L.S.A.R.S. 14:30. Both accused were arraigned and pled not guilty. The trials of the two accused were severed by the court, ex proprio motu. Isidros Lopez the present defendant was tried and found guilty of first degree murder. He filed a motion for a new trial, which was denied on the same day. Defendant waived all delays and was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence. It is from this conviction and sentence that defendant appeals. On appeal, defendant assigned fifteen errors but has abandoned Assignments Nos. 7 and 12.
FACTS:
On January 30, 1982 at about eleven a.m., the victim, Louis Salling, who was manager of the K & B Drugstore in Oakwood Shopping Center, went to a nearby bank to make a deposit. As the victim approached the bank, defendant and Nivaldo Bueno drove up. The defendant forced the victim into the car at gunpoint. The victim was driven to the Donner Canal in Algiers. When the victim got out of the vehicle, he began to plead for his life. Nivaldo Bueno shot the victim in the right side. The defendant got out of the car and shot the victim several more times. Both defendants then left the scene, taking the bag of money which the victim had intended to deposit. Subsequently, the New Orleans Police arrested Nivaldo Bueno and Isidros Lopez for the killing. At trial there was testimony from the co-defendant Bueno implicating himself and defendant Lopez in the crime. Zoibueda E. Lopez sister of defendant Bueno and wife of defendant Lopez testified against both co-defendants, implicating them in the robbery and abduction of the victim.
Assignment of Errors Numbers One and Two:
In these assignments of error, the defendant contends that the trial court erred in denying his motion to quash and motion in limine to prohibit the State from using Witherspoon[1] challenges for cause pursuant to C.Cr.P. art. 798(2). The defendant acknowledges that, because there is no death penalty issue presented to the court, the motions to quash challenging the constitutionality of the death penalty are moot. The defendant maintains that the motion to quash the death qualified jury is still viable. He argues that the State should not have been able to use Witherspoon challenges for cause because no genuine death penalty issued existed as to this defendant. The trial court in the present case did not impose the death penalty. A defendant does not have a valid Witherspoon complaint if the death penalty has not been imposed. State v. Edwards, 406 So.2d 1331 (La.1981); cert. den., Edwards v. Louisiana, 456 U.S. 945, 102 S.Ct. 2011, 72 L.Ed.2d 467 (1982). These assignments are without merit.
Assignment of Error Number Three:
Through this assignment, defendant contends that the trial judge erred by refusing to grant the defendant's motion to produce statements of a co-conspirator, Zoibueda Lopez, and by refusing to compel the State to answer paragraph 7(a) of the defendant's motion for a bill of particulars, and the defendant's motion for production of statement of witnesses. Defendant argues that Zoibueda Lopez is an unindicted co-conspirator whose statements to police *221 were crucial to the defense for cross-examination and impeachment purposes.
The State must produce, upon request, evidence that is favorable to the accused where it is material to guilt or punishment. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). This rule has been expanded to include evidence which impeaches the testimony of a witness where the reliability or credibility of that witness may be determinative of guilt or innocence. Giglio v. U.S., 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). Where a specific request is made for such information and the subject matter of such a request is material, or if a substantial basis for claiming materiality exists, it is reasonable to require the prosecutor to respond either by furnishing the information or by submitting the information to the judge. United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).
Generally statements of witnesses other than the defendant made to the district attorney or to agents of the State are not discoverable in Louisiana. C.Cr.P. art. 723. However, the defendant may not be denied exculpatory statements made by a witness other than the defendant if the statement is material or relevant to the issue of guilt or punishment. State v. Ates, 418 So.2d 1326 (La.1982). Cf. C.Cr.P. art. 718. There is no duty to provide defense counsel with unlimited discovery. U.S. v. Agurs, supra. Any request made by the defendant for such materials must be specific and relevant. State v. Ates, supra; State v. Davenport, 399 So.2d 201 (La.1981).
The defendant argues that the State should have produced Mrs. Lopez's statement because she, allegedly, was an unindicted co-conspirator. Code of Criminal Procedure article 721 provides that the court shall order the district attorney to inform the defendant of the State's intent to use hearsay statements of co-conspirators, if the defendant so moves. In this case, there has been no showing that Mrs. Lopez is a co-conspirator. Further, Mrs. Lopez testified from her personal knowledge. No hearsay testimony was elicited by the district attorney.
The defendant made a general request for written statements in an application for a bill of particulars and a specific request in a motion for production of statements of coconspirators. However, this request does not mention a need of the statement for impeachment purposes and therefore does not meet the requirements of specificity pursuant to State v. Davenport, supra.
The defendant agrees that the statement did not contain any exculpatory material which should have been given to the defendant. The defendant's only argument is that the statement was necessary for impeachment purposes. Defendant had full and ample opportunity to cross-examine Mrs. Lopez. Further, the defendant introduced into evidence letters written by Mrs. Lopez to the defendant, expressing her belief in his innocence. Those letters were used by the defendant at trial in his attempts to impeach the defendant. Also, no request was made by the defendant at trial for production of Mrs. Lopez's prior statement.
It is apparent from the record that the jury was able to accurately decide the issue of the witness's credibility. As the defendant did not specifically ask for the statement of Mrs. Lopez for purposes of impeachment, and as the failure to produce the statement did not prejudice the defendant, there was no error by the trial judge in denying the defendant's motions.
This assignment is without merit.
Assignment of Error Number Four:
In this assignment, the defendant argues that the trial court erred in denying the defendant's motion to require the State to show, pre-trial, a prima facie case of aggravating circumstances. There is no requirement that the State must show, pre-trial, a prima facie case of aggravating circumstances to justify a charge of first degree of murder.
*222 In this case, the defendant was charged by grand jury indictment with first degree murder. Thus the defendant has had a consideration of the prima facie case against him by the grand jury. The decision of whether aggravating circumstances actually exist to the extent necessary to prove first degree murder is a question for the trier of fact.
This assignment is without merit.
Assignment of Error Number Five:
In this assignment, defendant contends that the trial court erred in denying his motion for mistrial. The defendant argues that the leading questions repeatedly asked by the prosecutor during the direct examination of Zobeida Lopez resulted in prejudicial conduct which was sufficient to contribute to the verdict. Defense counsel moved for a mistrial after the trial court sustained his objections to the questions. Under Code of Criminal Procedure article 771 the granting of mistrials in such circumstances is not mandatory, and is committed to the discretion of the trial judge. State v. Jarman, 445 So.2d 1184 (La.1984). Mistrial is a drastic remedy and is only warranted if substantial prejudice would result and deprive the defendant of a fair trial. State v. Jarman, supra.
The trial judge in this case stated that he did not feel that a mistrial was merited. In view of the fact that the defense counsel's objections were sustained and an explanation of leading questions was given to the jury, we conclude that there was no abuse of discretion by the trial court in denying the motion for mistrial.
This assignment is without merit.
Assignment of Error Number Six:
In this assignment of error, the defendant argues that the trial court erred by overruling the defendant's objection to the prosecutor's repetitious questions. During direct examination of Zoibueda Lopez, the State asked the witness if the defendant and Nivaldo Bueno had guns. Later the prosecutor asked Mrs. Lopez to further describe the weapons that the defendant and Nivaldo Bueno had in their possession. The defendant contends that the trial judge should have sustained the objection and thus, avoid reversible error. The State argues that the questions were asked to clarify what the witness meant by a "big gun." Repetitive questioning may be allowed where the witness's initial answers are vague and require additional questioning for clarifications. State v. Feeback, 414 So.2d 1229 (La.1982).
The trial judge has wide discretion in controlling the examination of witnesses and a judge's ruling in this regard is to be disturbed only on a showing of abuse of discretion. State v. Murray, 375 So.2d 80 (La.1979). The record is devoid of an abuse of discretion by the trial judge.
This assignment is without merit.
Assignment of Error Number Eight:
In this assignment of error, the defendant contends that the trial judge erred in sustaining the State's objection to his cross-examination of co-defendant Nivaldo Bueno. In an attempt to impeach Bueno's credibility, the defense sought to cross-examine Bueno about the allegation made by Bueno's former teacher during his trial that Bueno often lied. The trial court sustained the State's objections to hearsay testimony.
Hearsay is testimony in court of a statement made out of court being offered as an assertion to show the truth of the matter asserted. State v. Martin, 458 So.2d 454 (La.1984); Mc Cormick, Evidence, Section 246 (Cleary ed. 1972). Hearsay is excluded because the value of the statement rests on the credibility of the out of court asserter who is not subject to cross-examination and other safeguards of reliability. State v. Martin, supra.
In the instant case the testimony regarding what the teacher said at the previous trial about Bueno's credibility was offered as an assertion to show the truth of the matter asserted and therefore inadmissable hearsay properly excluded by the trial judge.
This assignment is without merit.
*223 Assignment of Error Number Nine:
In this assignment of error, the defendant contends that the trial court erred by permitting the State to have portions of Nivaldo Bueno's statement read to the jury. The defendant alleges that the portion read was broader in scope than the limits set by the court in a bench conference. The defendant argues that, because this evidence was used to bolster Bueno's testimony rather than impeach him, the error is reversible.
According to the trial judge, the two questions and answers which the defense objected to at trial were not objected to at the bench conference. The trial judge stated that it was his understanding that there was an agreement at the bench conference to allow these two specific questions. The defendant objected to the reading of the entire answer without limits, contending the scope was broader than what was agreed to at the bench conference.
As the co-defendant, Nivaldo Bueno, took the stand, the defendant had full and ample opportunity to cross-examine Bueno. There is no violation of the defendant's rights under the Confrontation Clause. Allowing the State to question the co-defendant about his statement was not reversible error.
This assignment is without merit.
Assignment of Error Number Ten:
In this assignment of error, the defendant objects to the introduction of a photograph of the deceased into evidence. The defendant contends that the photograph was a "gruesome photograph" with no probative value. The defendant also objects to the photograph on the grounds that the body was moved before the photograph was taken; the photograph was repetitive of other photographs already in evidence, and the photograph was irrelevant in view of the offer of the stipulation not contesting the cause of death nor the position of the body.
Photographs of a murder victim are admissible to prove corpus delicti, to corroborate other evidence establishing the cause of death, and to provide positive identification. State v. Watson, 449 So.2d 1321 (La.1984); cert. den., Watson v. Louisiana, ___ U.S. ___, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985). The admission of gruesome photographs will not be overturned unless it is clear that their prejudicial effect outweighs their probative value. An offered stipulation bears upon the balancing test, but the decision is primarily one for the trial court. The State cannot be robbed of the moral force of its case merely because the stipulation is offered. State v. Watson, supra.
In this case, the photograph in question is a post-mortem photograph of the victim in which the victim's body was repositioned to show his face. The State used the photograph for purposes of identification. Photographs, although gruesome, may be admitted to corroborate the identification of the victim. State v. Scott, 446 So.2d 448 (La.App. 4th Cir.1984).
Further, the defendant contends that the photograph should not have been admitted because the State's witness who testified as to the identity of the victim from the photographs, Clyde Miller, was permitted to remain in the courtroom and hear other testimony. At the beginning of the trial, the judge had ordered the witnesses sequestered in accordance with article 764 of the Code of Criminal Procedure.
The purpose of sequestration is to assure that a witness will testify from his own knowledge of the case without being influenced by the testimony of prior witnesses, and to strengthen the role of cross-examination in developing the facts. State v. Warren, 437 So.2d 836 (La.1983). The judge has the discretion to disqualify a witness when a rule of sequestration has been violated. State v. Morgan, 454 So.2d 364 (La.App. 4th Cir.1984). A trial judge's ruling on such matters will not be disturbed on appeal absent a clear showing of abuse of discretion. State v. Morgan, supra; State v. Kimble, 407 So.2d 693 (La. 1981).
*224 In the present case, the witness was called by the State to identify the victim. The record is devoid of any possibility of influence from the other testimony heard by the witness.
This assignment is without merit.
Assignment of Error Number Eleven:
In this assignment of error, the defendant objects to the trial court's decision sustaining the State's objections to parts of the defendant's testimony. The trial court sustained the State's objection to the relevancy of the defendant's testimony as to what happened to his family on their way here from Cuba.
Relevant evidence is "that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent." LSAR.S. 15:441. The standard of relevancy in Louisiana is based on logic and experience. State v. Davenport, 445 So.2d 1190 (La.1984). Evidence is relevant which makes any fact indicating guilt or innocence more or less probable. State v. Whittaker, 463 So.2d 1270 (La.1985). Absent a clear abuse of discretion, the trial court's ruling as to relevancy should not be disturbed on appeal. State v. Whittaker, supra. Using these standards, the record clearly indicates there was no error in the trial court's ruling that this evidence is irrelevant.
The defendant further contends that the State was allowed to cross-examine the defendant on issues which were excluded as irrelevant. A careful reading of the parts of the transcript assigned as error reveals that the State cross-examined the defendant as to how he obtained money to purchase new furniture. The defendant had testified on direct examination that his father had given him the money. At no time during the cross-examination did defense counsel object to the line of questioning. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. C.Cr.P. art. 841.
There was an objection by defense counsel to the State's question as to the whereabouts of the defendant's mother. This objection was sustained by the trial judge. There is no error in this decision.
This assignment is without merit.
Assignments of Error Numbers Thirteen and Fourteen:
By these two assignments, defendant argues that the trial judge erred in refusing to instruct the jury as requested by the defendant in five special charges. The defendant also argues that the trial court should have allowed the defendant to argue "homicide responsibility" in closing argument as requested in special charge number two.
Defendant argues that he should have been allowed to argue "homicide-responsibility" to the jury in his closing argument. Defendant's special charge number two, which was denied by the trial court, states the general theory of "homicide-responsibility."
"A person is not responsible for the death of another unless it was the proximate consequence of his act or omission. The first essential of causation is that the culpable act or omission should be a necessary or inevitable cause; a cause without which the effect in question could not have occurred. Although the defendant may have been guilty of some culpable act or omission, if the death was solely due to some other cause for which he is not in any way responsible he is not guilty. If the defendant has inflicted a wound which would have doubtless proved fatal, but if the victim dies from some totally disconnected intervening cause, the defendant is not guilty of his death. If the defendant is guilty of failing in the performance of some legal duty, yet if the person toward whom the duty is owning dies from some cause which would have been fatal even had the duty been performed defendant is not guilty."
This charge was properly denied by the trial court. The law stated in defendant's special charge is not the law of this State. Louisiana has adopted the doctrine of *225 "principals," succinctly stated in LSA-R.S. 14:24:
"All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, directly or indirectly counsel or procure another to commit the crime, are criminals."
One who aids and abets in the commission of a crime may be charged and convicted with a higher or lower degree of crime depending on the mental element proven at trial. State v. McAllister, 366 So.2d 1340, 1343 (La.1978). State v. Sonnier, 402 So.2d 650 (La.1981). Therefore, the trial judge did not commit error in refusing to allow counsel to argue "homicide-responsibility" to the jury.
The court must charge the jury as to the law applicable to the case. C.Cr.P. art. 802(1). In all cases the court shall charge the jury that a person is presumed innocent until proven guilty of every element of the crime beyond a reasonable doubt. C.Cr.P. art. 804. A defendant may request special charges to the jury. These charges shall be given by the court if the charges do not require qualification, limitation, or explanation and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given. C.Cr.P. art. 807. The transcript of the charges given to the jury shows that the trial judge included the requested special charges in his general charge. Therefore, the trial judge did not commit error in denying the defendant's special charges.
These assignments are without merit.
Assignments of Error Number Fifteen:
In this assignment of error, the defendant contends that the trial court erred in refusing to grant a motion for a new trial. Defendant argues that a new trial should have been granted as the verdict is contrary to the law and evidence because there was insufficient evidence to support a conviction under the standards set by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The defendant was convicted of first degree murder in violation of LSA-R.S. 14:30(A)(1).[2] In the instant case, there was testimony from the co-defendant and from the defendant's wife that the defendant kidnapped the victim at gunpoint. The co-defendant further testified that he and defendant drove the victim to a secluded area and shot him several times. Dr. Richard Tracy, the pathologist who performed the autopsy on the victim, testified that the cause of death was gunshot wounds to the head, chest, neck and right arm. There was also evidence that the shots which killed the victim were fired from two guns.
There was testimony that the victim had left the K & B store with $12,000 in checks and cash to deposit at a nearby bank. The co-defendant further testified that a bag containing about $10,000 was taken from the victim and shared between himself and the defendant.
In assessing the sufficiency of evidence to support a conviction, the reviewing court must determine, whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, supra. Applying this standard, the evidence in this case is sufficient to convict the defendant of first degree murder based on the aggravating circumstances of armed robbery and aggravated kidnapping. State v. Knapper, 458 So.2d 1284 (La.1984).
This assignment is without merit.
ERRORS PATENT:
A request was made for review of the record for errors patent. None were found.
*226 Accordingly, the defendant's conviction and sentence is affirmed.
AFFIRMED.
NOTES
[1] Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).
[2] "First degree murder is the killing of a human being:

When the offender has specific intent to kill or to inflict great bodily harm and is engaged in the perpetration or attempted perpetration of aggravated kidnapping, aggravated escape, aggravated arson, aggravated rape, aggravated burglary, armed robbery or simple burglary."