496 So.2d 1165 (1986)
STATE of Louisiana
v.
Armando BATISTA.
No. KA 4981.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1986.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., A. Hammond Scott, Asst. Dist. Atty., Chris Toensing, Law Clerk, New Orleans, for plaintiff.
*1166 David F. Craig, Jr., New Orleans, for defendant.
Before BARRY and CIACCIO, JJ., and PRESTON H. HUFFT, J. Pro Tem.
PRESTON H. HUFFT, Judge Pro Tem.
The defendant, Armando Batista, and co-defendant, Wandolyn Press, were charged by bill of information in count one with possession with intent to distribute cocaine in violation of R.S. 40:967. Armando Batista was charged also with three counts of attempted first degree murder in violation of R.S. 14:27 and 14:30. The defendants were arraigned on March 5, 1985 and pled not guilty. The defendants were rearraigned on March 8, 1985 and pled not guilty.
On May 6, 1985, the bill of information was amended to simple possession as to Wandolyn Press. Ms. Press withdrew her plea of not guilty and entered a plea of guilty.
After a jury trial on June 18, 19 and 20, 1985, the defendant, Armando Batista, was found guilty of possession with intent to distribute cocaine on count one and the aggravated battery of Detective Frank Weicks on count three. The court declared a mistrial as to counts two and four. On June 27, 1985, the defendant was sentenced to serve fifteen years at hard labor on count one and ten years at hard labor on count three. The sentences are to run consecutively. Court costs of eighty dollars were assessed. The defendant was sentenced to serve an additional thirty days in default of payment of court costs. A motion for appeal was filed and granted on the same day.
On July 18, 1985, the defendant withdrew his plea of not guilty on counts two and four and entered pleas of guilty to attempted first degree murder of Detective Clarence Wethern and Deputy William Aldridge. All legal delays were waived and the defendant was sentenced to serve twenty years at hard labor on each count to run concurrently with each other and with any other sentence imposed on the defendant. The plea was made under the condition that it would be set aside if the defendant's appeal of his convictions on counts one and three was successful.
On January 19, 1985, Detectives Frank Weicks and Clarence Wethern, working with Deputies William Aldrige and Artie Kaufman of the St. Bernard Parish Sheriff's Office, initiated a surveillance of room eight in the Glenrose Motel at 7930 Chef Menteur Highway, New Orleans, Louisiana. The officers observed what appeared to be a drug transaction. When notified by telephone that fellow Officers Wallace Goodey and Pedro Marina had obtained a search warrant for the room, Detective Weicks and his companions followed the defendant and Ms. Press who exited room eight, got into a green station wagon and turned onto Crowder Road. Detective Weicks followed in a police car with lights flashing and sirens sounding. After travelling about two blocks further the defendant stopped the car. Detective Weicks walked around to the passenger side of the car, identified himself to Ms. Press and told her to get out of the car. She complied. Detective Wethern asked the defendant to get out but he refused. The defendant grabbed a baby who was also in the car and put the child in front of him. Because the car engine was still running, Detective Wethern attempted to reach into the car to turn off the key. The defendant began striking the detective's hands. Detective Wethern returned to the police car to retrieve his police baton. At this point, the defendant reached for a purse which was on the floor of the car. Fearing that the purse may contain a gun, both Deputy Aldridge and Detective Weicks got into the car to prevent the defendant from reaching the purse. A struggle ensued and Detective Wethern returned to help subdue the defendant. The defendant seized Detective Wethern's gun and fired one shot. Detective Weicks wrestled with the defendant and got the gun away from him. Deputy Aldridge and Detective Wethern handcuffed the defendant.
*1167 In a subsequent search of the motel room, the officers found cocaine, marijuana, a scale and a supply of plastic bags. The purse was found to contain cocaine and a handgun.
In our review for errors patent, we noted that as a part of his sentence the defendant was ordered to pay $80.00 in court costs or serve thirty days in default thereof.
The trial court cannot assess court costs against the defendant and automatically convert it to an additional prison term because the indigent defendant cannot pay regardless of whether the aggregate sentence exceeds the statutory maximum. State v. Pinkney, 485 So.2d 1014 (La.App. 4th Cir.1986), affirmed as amended, 488 So.2d 682 (La.1986); State v. Cleveland Williams, 480 So.2d 432 (La.App. 4th Cir. 1986), affirmed as amended, 484 So.2d 662 (La.1986); State v. Garrett, 480 So.2d 412 (La.App. 4th Cir.1985), affirmed as amended, 484 So.2d 662 (La.1986).
In the instant case, defendant retained private counsel for trial and for sentencing. However, after sentencing defendant's attorney orally moved for appeal and to withdraw from the case. At that time, the court appointed trial counsel to represent the defendant on appeal. The necessity of appointing counsel to represent a defendant may be used as proof of a defendant's indigence. State v. Williams, 288 So.2d 319 (La.1974). In State v. Huffman, 480 So.2d 396 (La.App. 4th Cir., 1985), this court considered Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), and stated that language in that case appeared
"to suggest that if a defendant is found to be indigent at any point in the proceedings, he cannot be subjected to additional imprisonment in lieu of payment of fines or court costs if the additional imprisonment results in a sentence greater than the statutory maximum." Id. at 399. (Emphasis added)
Accordingly, we amend the sentence to delete that portion which imposes an additional thirty days in default of payment of court costs. C.Cr.P. art. 882; State v. Cleveland Williams, supra; State v. Garrett, supra; and State v. Jackson, 492 So.2d 1265 (La.App. 4th Cir.1986).

DEFENDANT'S ASSIGNMENT OF ERROR NO. 1:
The defendant alleges that the trial court erred by prohibiting the defense counsel from asking Ms. Press whether her attorney had promised her that she would receive a suspended sentence if she pled guilty.
Ms. Press was called as a State witness and testified to the events of January 19, 1985. On cross-examination the defense counsel attacked the witness' credibility by making the jury aware of the fact that the charge against Ms. Press had been reduced to simple possession of cocaine and she had pled guilty to the reduced charge. The defense counsel continued by questioning the defendant about what her attorney told her regarding her plea and what promises if any were made to her by the District Attorney's Office. Objections to parts of the testimony were sustained as follows:
A (Ms. Press) He told me the best thing to do was to plead guilty, and I pleaded guilty for what I was charged for, and which I am guilty of, which is possession only. I did not distribute anything.
Q He told you that
BY MR. OLSEN:
Your Honor, I object.
BY THE COURT:
Sustained. Ask another question.
FURTHER EXAMINATION BY MR. CRAIG:
Q. Did he tell you that you could get probation for this?
BY MR. OLSEN:
Same objection.
BY THE COURT:
Objection sustained.
FURTHER EXAMINATION BY MR. CRAIG:
Q Did he tell you you were going to get probation for this?
BY MR. OLSEN:
Objection.

*1168 BY THE COURT:
Objection sustained.
FURTHER EXAMINATION BY MR. CRAIG:
Q Has the district attorneys office promised you anything in return for your cooperation here and coming and testifying against Armando?
A No, they did not.
The defendant argues that the court's restriction of the cross-examination of Ms. Press prohibited him from effectively demonstrating to the jury the bias of the witness.
The defendant's right to confront and cross-examine witnesses against him is a fundamental right afforded by the U.S. Constitution, Amendments Six and Fourteen, and the 1974 Louisiana Constitution Art. 1 section 16. In order to cross-examine a witness effectively, a defendant must be afforded the opportunity to demonstrate any bias or self-interest which is attached to a witness' testimony. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); State v. Rankin, 465 So.2d 679 (La.1985).
The possibility that the prosecution may have leverage over a witness due to that witness' pending criminal charges is recognized as a valid area of cross-examination. State v. Rankin, supra.
In the instant case, the defense was allowed to bring out the witness' guilty plea and the defense's final question asking the witness if a deal had been made was answered negatively without objection.
The failure of the trial court to allow the introduction of evidence showing the witness' personal bias will not warrant reversal if it can be shown that such error is harmless. C.Cr.P. art. 921; State v. Williams, 445 So.2d 1171 (La.1984). Under the "harmless error" test, it must be determined "whether there is a reasonable possibility that the admission or exclusion of certain evidence, depending on the case, might have contributed to the conviction." State v. Martin, 458 So.2d 454, 459 (La. 1984). In State v. Vessell, 450 So.2d 938 (La.1984) the court said that the conclusion that the error did not contribute to the verdict must be beyond a reasonable doubt.
We find that if any error did occur in the trial court's sustaining of objections to defense questions regarding what the witness was told by her attorney about the possibility of probation it would be harmless as we find that the exclusion of this evidence did not contribute to the conviction. This assignment is without merit.

DEFENDANT'S ASSIGNMENT OF ERROR NUMBER TWO:
The defendant alleges that the trial court committed reversible error by refusing to allow defense counsel to question the police officers, who were the victims in the attempted murder charges, regarding what collateral consequences they would face if they admitted that the incident had occurred as described by the defendant.
In his testimony the defendant alleged that he never attempted to kill anyone and in fact the officers were beating on him. The police officers involved and Ms. Press refuted this testimony.
While questioning Detective Wethern about the incident, the defense counsel asked the following questions:
Q Officer Wethern, have you ever had anywell, has anyone that you have ever arrested sued you
BY MR. OLSEN:
Objection, Your Honor.
BY THE COURT:
Objection sustained, has nothing to do with the case.
BY MR. CRAIG:
Well, Your Honor
BY THE COURT:
No, Mr. Craig, it has nothing to do with this case. Go on to the next question.
FURTHER EXAMINATION BY MR. CRAIG:
Q Officer Craig, are you aware of the potential problems involved in being sued civilly by a defendant who has been beaten up?

*1169 BY MR. OLSEN:
Objection, Your Honor.
BY THE COURT:
Objection is sustained.
BY MR. CRAIG:
Your honor, I think it is very relevant in terms of additional for doing what he did and saying what he said.
BY THE COURT:
Mr. Craig, the objection is sustained and I am not going to let you pontificate on anything that you want to. Ask another question. (Tr. 264-265)
The defendant argues that this line of questioning was relevant to credibility and should have been allowed.
R.S. 15:441 defines relevant evidence as follows:
Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent. Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible
The standard of relevancy in Louisiana is based on logic and experience. State v. Davenport, 445 So.2d 1190 (La.1984). Evidence is relevant which makes any fact indicating guilt or innocence more or less probable. State v. Lopez, 484 So.2d 217 (La.App. 4th Cir.1986); State v. Whittaker, 463 So.2d 1270 (La.1985). Absent a clear abuse of discretion, the trial court's ruling as to the relevancy should not be disturbed on appeal. Lopez, supra; Whittaker, supra. Using these standards, we find no error in the trial court's ruling that this evidence was not relevant. This assignment is without merit.

DEFENDANT'S ASSIGNMENT OF ERROR NO 3:
The defendant alleges that the trial court erred in refusing to allow him to impeach Ms. Press.
The first witness called by the defense was Tommy Williams, Jr., an investigator for the Orleans Indigent Defender Program. Mr. Williams testified that he spoke with both the defendant and Ms. Press. When the defense counsel attempted to question the witness about the content of the conversation with Ms. Press, a State objection was sustained apparently because the defense had failed to lay a predicate for this line of questioning on the prior cross-examination of Ms. Press.
When the defense attempted to recall Ms. Press to the stand the following occurred:
BY MR. CRAIG:
Your Honor, I have no more questions of Mr. Williams at this time. I would request that Wandolyn Press be recalled to the stand.
BY THE COURT:
You may step down, sir. She is going to be your witness. Is there a possibility of getting Ms. Press up fast, gentlemen because previously you all were told that she was not needed anymore. Mr. Jack, can we have Ms. Press up here?
BY THE SHERIFF:
You said you didn't need her. We sent her back.
BY THE COURT:
That is exactly what you said, Mr. Craig. Call another witness. We will be happy to get her here as soon as we can.
The next day the defense called Ms. Press as a witness and questioned her about her conversation with Tommy Williams. Ms. Press testified that she spoke with Mr. Williams but told him nothing about the case. The defense then recalled Tommy Williams. A State objection to Mr. Williams' testimony was sustained.
Once a witness has been examined and cross-examined as a state witness, the right of the defendant to recall the witness in the presentation of his defense is subject to the limitation that the recall places the witness in the position as though he had never been called before in the case. The witness then becomes a defense witness. State v. West, 437 So.2d 256 (La.1983).
R.S. 15:487 provides:

*1170 No one can impeach his own witness, unless he have been taken by surprise by the testimony of such witness, or unless the witness show hostility toward him, and, even then, the impeachment must be limited to evidence of prior contradictory statements.
Although hostility is not defined by statute, jurisprudence indicates that hostility can be evidenced by a showing that the witness's interest is on the side of the opposite party to such an extent that he or she is unlikely to give a true account of the transaction. State v. West, supra; State v. Welch, 368 So.2d 965 (La.1979). Hostility can be shown by evasive and contradictory answers. State v. West, supra; State v. Edwards, 419 So.2d 881 (La.1982). In the instant case, the witness was neither evasive nor contradictory in her answers. Further, there was no allegation by the defendant that Ms. Press was on the side of the state to such an extent that she was unlikely to give a true account of the events which led to the commission of the crime. Because the required showing of surprise or hostility was not made, the trial court was correct in ruling that Ms. Press could not be impeached by the defense. This assignment is without merit.

DEFENDANT'S ASSIGNMENT OF ERROR NO. FOUR:
The defendant urges that the trial court imposed excessive sentences. The defendant was sentenced to fifteen years at hard labor for the conviction of possession of cocaine with intent to distribute. He was sentenced to ten years at hard labor for the conviction of aggravated battery. The sentences are to run consecutively.
R.S. 40:967B(1) provides that possession with intent to distribute cocaine is punishable by a term of imprisonment at hard labor for not less than five nor more than thirty years and a discretionary fine of up to $15,000. R.S. 14:34 provides that aggravated battery is punishable by a fine of up to $5,000.00 or imprisonment with or without hard labor for up to ten years, or both.
Article 1, Section 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. A sentence may be reviewed for excessiveness even though it is within statutory limits. State v. Cann, 471 So.2d 701 (La.1985); State v. Thomas, 447 So.2d 1053 (La.1984). The imposition of a sentence, although within the statutory limit, may be unconstitutionally excessive if it is "grossly out of proportion to the severity of the crime" or "is nothing more than the purposeless and needless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616, 625 (La.1985), cert denied 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). There must be an indication in the record that the trial court considered the factors set forth in C.Cr.P. art. 894.1 in determining the defendant's particular sentence. State v. Caston, 477 So.2d 868 (La.App. 4th Cir.1985). However,
"the articulation of the factual basis for a sentence is the goal of Art. 894.1, not the rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed this court has held that remand is unnecessary, even where there has not been full compliance with Art. 894.1."

State v. Lanclos, 419 So.2d 475, 478 (La. 1982).
Before imposing sentence, the trial judge determined that the defendant's prior criminal record consisted of several arrests for drug violations, illegal possession of a weapon and convictions for possession of cocaine and theft. In addition a charge of aggravated assault, which predated the crimes for which he was being sentenced, was still pending in the same section of court.
In imposing sentence the trial judge stated the following:
"Considering the testimony that was adduced during this trial and the demeanor of the defendant, his background and all matters considered, the court is aware of what the defendant is aware of, Mr. Batista's cruelty at protecting himself *1171 with a child and his scuffle with the police officers which would have but by the grace of God, would have resulted in a murder.
* * * the court finds that it is appropriate for Mr. Batista to be incarcerated in the penitentiary and that he will benefit from period of incarceration."
The trial judge is given wide discretion in the imposition of sentences within statutory limits. The sentence imposed by a trial judge should not be set aside as excessive absent a showing of manifest abuse of discretion. State v. Lanclos, supra. In the instant case the defendant was convicted of possession with intent to distribute cocaine with the evidence consisting of over forty grams of cocaine, a scale and a supply of plastic bags. The defendant fired a gun during a struggle with police officers. Detective Weicks was injured during the altercation. The defendant has a prior record including convictions for possession of cocaine and theft and several arrests for possession of drugs and assault charges. We do not find that the sentences imposed on the defendant are excessive.
The defendant also complains that the sentences in this case were ordered to be served consecutively.
C.Cr.P. art. 883 provides:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
The aggravated battery of Officer Weicks was a separate offense entirely and not related to the possession with the intent to distribute cocaine conviction. Therefore the trial judge was within his discretion in directing that the sentences be served consecutively. This assignment is without merit.
Accordingly, we affirm the defendant's conviction and amend the defendant's sentences to delete only that portion which imposes an additional thirty days in default of payment of eighty dollars in court costs.
CONVICTIONS AFFIRMED; SENTENCES AMENDED, AND AFFIRMED AS AMENDED.