496 So.2d 378 (1986)
STATE of Louisiana
v.
Larry VALENTINE and Madeline Parker.
No. KA-5183.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1986.
Rehearing Denied November 19, 1986.
*379 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Timothy M. Warner, Asst. Dist. Atty., New Orleans, for appellee.
William R. Ary, New Orleans, for appellant Valentine.
Before GULOTTA, KLEES and BYRNES, JJ.
GULOTTA, Judge.
Larry Valentine appeals his conviction for possession of heroin with intent to distribute in violation of LSA-R.S. 40:966.
In a search of defendant's apartment pursuant to a warrant, police officers confiscated over two hundred foil packets of heroin, a loaded .357 magnum revolver, two more hand guns, seven hundred fifty-two dollars in cash, a small quantity of green vegetable matter, and a roll of aluminum foil. Valentine and his girlfriend, Madeline Parker, were arrested at the scene. A jury found Parker guilty of possession, and Valentine guilty as charged. Valentine alone appeals.
Before turning to defendant's three assignments of error, we note a sentencing error patent on the face of the record. Although the penalty provision for possession of heroin with intent to distribute, LSA-R.S. 40:966 (B)(1), provides for a sentence "... to life imprisonment at hard labor without benefit of probation, or suspension of sentence ...", the trial judge sentenced Valentine to serve life imprisonment "without the benefit of parole, probation, or suspension of sentence with credit for time served...." [Emphasis ours] Accordingly, we amend the sentence to exclude the prohibition against parole. See State v. Scott, 490 So.2d 465 (La.App. 4th Cir.1986).

ASSIGNMENTS OF ERROR NOS. 1 and 2
In his first two assignments of error, defendant contends the trial judge erred in admitting as evidence the currency and weapons seized incident to his arrest. According to defendant, the money and weapons were irrevelant and introduced without predicate linking them to the offense charged. We disagree.
Relevant evidence is that which tends to show or to negate intent and the commission of the offense or that which makes any fact indicating guilt or innocence more or less probable. LSA-R.S. 15:441; State v. Lopez, 484 So.2d 217 (La. App. 4th Cir.1986). Unless there is a clear abuse of the trial court's discretion, a ruling on relevancy should not be disturbed on appeal. State v. Whittaker, 463 So.2d 1270 (La.1985); State v. Lopez, supra.
In the instant case, we find no abuse of the trial judge's discretion in admitting into evidence the seven hundred fifty-two dollars in small bills and the three hand guns seized in defendant's apartment. On this charge of possession of heroin with intent to distribute, this circumstantial evidence, when coupled with the large quantity of heroin in defendant's possession, was relevant to prove his criminal intent to engage in drug trafficking. Moreover, hand guns used for protection in perilous drug transactions might very well constitute part of the res gestae to the crime as "necessary incidents of the criminal act" or "immediate concomitants" of the crime *380 and, as such, indicative of defendant's intent to distribute. LSA-R.S. 15:448. Furthermore, even if the guns and the money were erroneously admitted into evidence, such error is harmless in light of the more than 200 foil packets of heroin found in defendant's possession, which constitute overwhelming evidence of defendant's criminal intent. Under these circumstances, we conclude the evidence of the weapons and the currency did not reasonably contribute to his conviction.
Accordingly, we find no merit to defendant's first two assignments of error.

ASSIGNMENT OF ERROR NO. 3
In his third assignment of error, defendant contends the trial judge erred in permitting a narcotics expert to express his opinion concerning the ultimate issue of guilt, i.e., whether the defendant possessed the heroin with an intent to distribute. Specifically, defendant complains of the following direct testimony of Officer Robert McNeal, an expert in the wholesale packaging and distribution of controlled dangerous substances:
"EXAMINATION BY MS. ATKINS [Prosecutor]:
Q Officer, in connection with your expertise, are you familiar with the way heroin is packaged and distributed?
A Yes, ma'am.
Q Would you explain to the jury how that is done.
A Okay. Beginning at the retail level, heroin, the smallest quantity that heroin is offered or dosage unit is a bag. It's a quantity of approximately 25 to 50 mg of powder, usually packaged in individual tinfoil packets referred to as bags. These single dosage units again sell from anywhere from $25 to $50. The next step in the chain of packaging is a packet of 25 single dosage units. They refer to this particular quantity as a bundle. They sell, this particular package, sells anywhere from $400 to $600. If you are involved in the market, in the marketing of heroin, when you are distributing at this level, your profits are somewhat cut, are somewhat diminished, however, you enjoy the ability to move more product, and therefore risking, or therefore your risks associated with the trafficking is well diminished.
Q Now, Officer, is aluminum foil often used in packaging heroin?
A As I referred to earlier, the single dosage unit, or as they call it, "bag," is usually packaged, it's a quantity packaged in tin foil.
Q Officer McNeil, I'm now going to show you what has previously been marked as State's Exhibit-2,-3, and -4, [packets of heroin seized from defendant's apartment] and ask you, based upon your opinion as an expert, is this how heroin is packaged for distribution?
A Yes, ma'am.
BY MR. ARY [Defense counsel]:
I'm going to object to this, Your Honor.
* * * * * *
There is a specific reference to that, those exhibits, and it's directly asked of this witness what his expertise is to specifically that evidence. It is before the jury. It has prejudiced my client, and I move for a mistrial.
BY MR. McBRIDE:
Same Motion. I join in the Motion, Your Honor.
BY THE COURT:
The Motion for Mistrial is denied. Ladies and Gentlemen of the Jury, you are to disregard the last statement made by this witness. The objection is sustained. Alright. Let's proceed.
* * * * * *
EXAMINATION BY MS. ATKINS:
Q Based upon your experience, what is the dosage amount a user uses on a daily basis?
A Well, it'sthe amount of tinfoil packets that an addict may use a day is going to depend exclusively upon his, the degree of addiction to the particular *381 drug. It may involve a single dosage a day to as many as 50 dosages a day.
Q Based upon your experience, would 220 dosage units be used by a heroin addict?
BY MR. ARY
Objection.
BY MR. McBRIDE:
The same objection, Your Honor.
BY THE COURT:
That's sustained."
According to defendant, this prejudicial testimony warranted a mistrial. We disagree.
An expert in drug distribution can give his opinion concerning how much heroin constitutes a wholesale amount as distinguished from an amount used for personal consumption because it is not a fact within the knowledge of the average individual. State v. White, 450 So.2d 648 (La.1984) Such an expert, however, cannot give his opinion on the ultimate issue of the defendant's guilt or respond that an individual is or is not distributing drugs in a hypothetical question paralleling the actual fact situation before the court. State v. White, supra; State v. Montana, 421 So.2d 895 (La.1982); State v. Wheeler, 416 So.2d 78 (La.1982).
In the instant case, the trial judge twice sustained defendant's objections to Officer McNeil's testimony. When the witness affirmatively responded that the packets in evidence were "how heroin is packaged for distribution", the trial judge cautioned the jury to disregard the witness's remark. Furthermore, the officer was not allowed to respond to the question whether two hundred twenty dosage units (a quantity comparable to that seized in defendant's apartment) would be used by a heroin addict. Under these circumstances, considering the witness's answers and the trial judge's admonitions to the jury, we cannot say that defendant was prejudiced. As circumscribed by the trial judge, Officer McNeil's testimony pertained to drug distribution practices and did not constitute an opinion on defendant's ultimate guilt. We therefore find no error in the judge's denial of the motion for a mistrial. See LSA-C.Cr.P. Arts. 771 and 775. This assignment of error lacks merit.
Accordingly, defendant's conviction is affirmed, but his sentence to life imprisonment "without benefit of parole, probation or suspension of sentence" is amended to provide for a sentence of life imprisonment "without benefit of probation or suspension of sentence".
CONVICTION AFFIRMED; SENTENCE AMENDED.