GARRISON, Judge.
On October 12, 1972, the defendant, Gerald Egana, was charged by bill of information with the September 23, 1972 armed robbery of Henrietta Thormahlen in violation of LSA-R.S. 14:64. The bill of information also named Billy Ray Jacobs as a defendant in the case. In 1973, al jury found both defendants guilty as charged. They were both sentenced to forty years at hard labor but the Louisiana Supreme Court reversed their convictions because of an error patent and remanded the case for a new trial. State v. Egena[1], 347 So.2d 1106 (La.1977).
In 1978, the defendant and Jacobs were retried and were found guilty as charged *1244 by a jury. The defendant was sentenced to forty years at hard labor and court costs of $70.00 or an additional thirty days in jail in default of payment thereof. Both defendant and Jacobs moved for an appeal but the defendant made a motion to dismiss his appeal which was granted. The Louisiana Supreme Court affirmed Jacobs’ conviction in State v. Egena, 369 So.2d 1295 (La.1979). On May 3, 1985, the defendant moved for an out-of-time appeal which was granted on August 6, 1985.
At the 1973 trial, the victim of the armed robbery, Henrietta Thormahlen, testified that on September 23, 1972, she was operating her small sweet shop which adjoined her home at 1701 Agriculture Street in New Orleans. The door to the shop was locked because of prior robberies but when two men knocked on the door, she let them in because she mistakenly thought that one of them was a neighbor. The taller of the two men ordered the other man to lock the door. One of the men then pistol whipped Mrs. Thormahlen, a seventy-six year old woman at the time, while the other man opened the money drawer and demanded that the victim empty her pockets. Because these efforts produced only thirty-five dollars, one of the men held a gun to the victim’s head and threatened to kill her if she did not tell him the location of more money. She then pointed to an icebox where an additional forty dollars was hidden.
The two men then dragged Mrs. Thor-mahlen into her residence next to the shop where they gagged her and tied her to a chair with a sheet. They then ransacked the house and took Mrs. Thormahlen’s jewelry. After the robbers left, Mrs. Thor-mahlen managed to free herself and called out to a neighbor's child to have her mother call the police.
Prior to the 1973 trial, Mrs. Thormahlen identified the defendant and Jacobs at a physical lineup at the police station as the perpetrators of the armed robbery. She also identified both men in court at the 1973 trial as the men who robbed her.
Between the 1973 trial and the 1978 trial, Mrs. Thormahlen suffered a stroke and was confined to the Audubon Health Care Center in New Orleans. Prior to the 1978 trial, the State filed a motion requesting that Mrs. Thormahlen’s testimony from the first trial be introduced at the second trial in lieu of her live testimony because she was too ill to make a court appearance. In support of that motion, the State offered a letter written by Dr. Louis Balart of the Audubon Health Care Center which stated as follows, in part:
“Mrs. Thormahlen is a patient at Audubon Health Care Center where I am a physician. Her diagnoses are artheros-clerotic cardio vascular and cerebrovas-cular disease with a stroke in 1976 and subsequent right sided hemiplegia. Her physical and mental status at the present time is one that precludes any appearance by Mrs. Thormahlen in a court of law.”
At the hearing on the motion, Dr. Balart testified that Mrs. Thormahlen had been in his care for approximately one year and had suffered a stroke two and one-half years before which left her partially paralyzed on the right side. He also testified that she was senile, had cardiovascular disease and was mostly confined to a wheelchair. Dr. Balart stated that it was his opinion that Mrs. Thormahlen could not testify at the second trial. Following the hearing, the trial judge ruled that under LSA-C.Cr.P. art. 295, Mrs. Thormahlen was “unavailable” to testify and that her testimony from the first trial could be read to the jury at the second trial.
In his first assignment of error, defendant argues that the trial judge erred in allowing a prosecution witness to testify about an identification made by the victim. Specifically, the defendant claims that the testimony was inadmissible hearsay. At the 1978 trial, Officer Emile Poissenot of the New Orleans Police Department testified that at the police lineup conducted prior to the 1973 trial, Mrs. Thormahlen did make an identification. However, Officer Poissenot did not say who Mrs. Thormah-len identified.
Therefore, because Officer Poissenot did not testify as to what Mrs. Thormahlen *1245 said, his testimony was not hearsay. This assignment of error is without merit.
In the second assignment of error, the defendant argues that the trial judge erred in interrupting his closing argument and in commenting on the evidence. During the closing arguments at the 1978 trial, defendant’s counsel argued that the prior testimony of Mrs. Thormahlen, which was read to the jury at the second trial was hearsay and that if she had testified at the second trial, her testimony from the first trial may have been discredited. At that point, the trial judge interrupted defense counsel’s argument and stated that the issue of the admissibility at the second trial of the victim’s prior testimony had been adjudicated and defense counsel’s argument concerning the admissibility of that testimony was contrary to the trial judge’s ruling that the prior testimony be considered by the jury as though the victim had been present in court to testify.
In this assignment, the defendant argues that the trial judge did not merely explain a ruling on an issue whieh arose during trial; rather, his explanation improperly bolstered the weight of the victim’s testimony by commenting on the evidence in violation of LSA-C.Cr.P. art 772 which provides:
“The judge in the presence of the jury shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted.”
In State v. Williams, 397 So.2d 1287 (La.1981), the Louisiana Supreme Court held that reasons given by a trial judge for his rulings or objections, for admitting or excluding evidence, or explaining why evidence is offered or admitted were not objectionable comments or expressions of opinion provided there was no prejudice to the defendant. Furthermore, in State v. Cathey, 493 So.2d 842 (La.App. 5th Cir.1986), writ denied, 500 So.2d 419 (La.1987); cert. denied, 481 U.S. 1049, 107 S.Ct. 2181, 95 L.Ed.2d 838 (1987), it was held that when the trial judge’s comments do not imply an opinion as to the defendant’s guilt or innocence, any error in making the comment is harmless.
In this case, the remarks made by the trial judge during defendant’s closing argument did not constitute an impermissible comment on the evidence. The remarks did not recapitulate or repeat the testimony of Mrs. Thormahlen, nor did they express any opinion as to what had or had not been proven. Therefore, this assignment of error is without merit.
In addition to defense counsel’s brief, the defendant filed a pro se brief alleging six assignments of error. However, these six assignments deal with only two subjects, excessiveness of sentence and ineffective assistance of counsel, and will be consolidated into these two subjects for purposes of this opinion.
Defendant argues that his forty year sentence for armed robbery is excessive and an abuse of the trial judge’s discretion. He further complains that the trial judge failed to comply with LSA-C.CR.P. art. 894.1 which requires that the court “shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.”
A review of the sentencing transcript reveals that the trial judge merely stated that he was sentencing the defendant to forty years at hard labor without any further comment. Therefore, because there was no compliance with LSA-C.Cr.P. art. 894.1 in this case, the defendant’s sentence is hereby vacated and the case is remanded for resentencing in accordance with Article 894.1.[2]
Defendant also argues that he was denied effective assistance of counsel at the time of sentencing and on appeal. Because the defendant’s sentence is being vacated for non-compliance with Article 894.1 and this case is being remanded for.resentenc- *1246 ing, any discussion of ineffective assistance of counsel at the time of sentencing is pretermitted.
Defendant claims that he received ineffective assistance of counsel on appeal because appellate counsel allowed more than three years to elapse before perfecting the appeal or filing a brief and then filed only an errors patent brief. He further alleges that this three year delay was prejudicial to him because of the possibility that he would be unable to locate witnesses in the event that his conviction and sentence were reversed and his case remanded for a new trial. Defendant also claims that his appellate counsel’s representation was nominal at best.
Ordinarily, claims of ineffective assistance of counsel will not be addressed on appeal because such claims are more appropriately addressed by way of an application for post-conviction relief filed in the trial court. However, because the record in this case discloses sufficient evidence upon which to determine counsel’s effectiveness, this claim will be considered in this appeal in the interest of judicial economy. See State v. Petta, 496 So.2d 390 (La.App. 4th Cir.1986); writ denied, 533 So.2d 10 (La.1988).
The three year delay in perfecting defendant’s appeal, and any prejudice resulting therefrom, is attributable to a clerical error in the trial court and not to defendant’s appeal counsel. His counsel was not appointed to represent him until February 12, 1988 and, therefore, is not responsible for the lengthy delay of this appeal or any prejudice resulting from the delay. Defendant is incorrect in his assertion that his appellate counsel filed only an errors patent brief when, in fact, he filed a brief raising two assignments of error. Accordingly, defendant’s claim of ineffective assistance of counsel on appeal is without merit. -
For the reasons stated above, we affirm the defendant's conviction, vacate his sentence and remand this case for resentenc-ing.
CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING

. In the Louisiana Supreme Court opinion, the defendant’s name is spelled Egena but the record in this case indicates that the correct spelling is Egana.

. Additionally, a review of the record for errors patent- reveals that the trial judge erred by including in this indigent defendant’s sentence the provision that defendant pay court costs of seventy dollars or serve an additional thirty days in default of payment thereof. See State v. Batista, 496 So.2d 1165 (La.App. 4th Cir.1986); State v. Huffman, 480 So.2d 396 (La.App. 4th Cir.1985).