412 So.2d 577 (1982)
STATE of Louisiana
v.
James J. FARRIA.
No. 81-KA-2168.
Supreme Court of Louisiana.
April 5, 1982.
*578 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Bob Hester and Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-appellee.
David Randall Buckley, Asst. Public Defender, Bonnie P. Jackson, Public Defender, for defendant-appellant.
BLANCHE,[*] Justice.
Defendant James Farria was indicted and tried before a jury in East Baton Rouge Parish on charges of aggravated rape (R.S. 14:42), aggravated burglary (R.S. 14:60) and two counts of armed robbery (R.S. 14:64). At the conclusion of trial, a twelve member jury returned a verdict of guilty as charged, and defendant was subsequently sentenced by the trial court. On appeal defendant challenges his conviction and sentence on the basis of three assignments of error. We find no reversible merit to any of these assignments and, accordingly, defendant's conviction and sentence are affirmed.
The occurrence giving rise to the charges took place on the evening of August 14, 1980 at the Baton Rouge home of John Ozier and his family. As Ozier went to check on his sleeping daughter, he observed the defendant standing in a bedroom with Ozier's wallet in one hand and a revolver in the other. Defendant took the money from the wallet and moved with Ozier into a porch room where Mrs. Ozier was watching television. Forcing both victims to lie face down on the floor, defendant removed Ozier's gold wedding band and wrist watch and Mrs. Ozier's watch and rings.
After tying Ozier's hands and feet, defendant ordered Mrs. Ozier to get her purse, and went with her into the kitchen of the residence. Finding the purse, defendant went through its contents in the dining room. He then told Mrs. Ozier to turn out all the lights in the house, and to remove her clothes. When she resisted defendant struck her forehead with the revolver, inflicting a small cut near the hairline. Defendant forced Mrs. Ozier to disrobe, tied her hands and feet, and raped her. Soon after, defendant fled and Mrs. Ozier was able to free herself and her husband and notify the police. At trial, both Mr. and Mrs. Ozier were able to positively identify their attacker.
*579 In his first assignment of error, the defendant contends that the trial court erred in admitting photographs of Mrs. Ozier's face showing the cut inflicted by defendant. Over defense objection, the state introduced two color photographs depicting the wound to the victim's head. Both photographs show dried blood running from the side of Mrs. Ozier's head onto her face. Defendant argues that the photographs are unwarrantedly gruesome, making a minor injury appear more serious, despite testimony by state witnesses to the effect that the injury was only a minor cut that bled profusely.
The trial judge admitted the photographs in evidence, ruling that the prejudicial effect of the photographs was outweighed by their probative value. We agree. The photographs are not so gruesome that they would overwhelm reason. See State v. Lindsey, 404 So.2d 466 (La.1981). Moreover, the photographs corroborate the testimony of Mrs. Ozier concerning the aggravated rape. They also tend to prove that the victim resisted the rape but was overcome by force. Since the probative value of the photographs was greater than the possible prejudice that may have resulted from their display to the jury, the trial judge did not abuse his discretion in allowing the introduction of this evidence. State v. Myles, 389 So.2d 12 (La.1980).
Defendant's remaining assignments of error challenge the sentence imposed by the trial court as unconstitutional and excessive. On the aggravated rape conviction, defendant received the mandatory sentence of life imprisonment at hard labor. Sentenced as a multiple offender, defendant received 40 years at hard labor without benefit of parole, probation or suspension of sentence on each conviction of armed robbery, the two sentences to run concurrently with each other, but consecutively to the life sentence imposed for aggravated rape. Defendant was sentenced to 15 years at hard labor on the aggravated burglary conviction, to be served consecutively to the sentences imposed for aggravated rape and armed robbery.
R.S. 14:42 provides a mandatory life sentence in all cases resulting in a conviction of aggravated rape. We first reject defendant's argument that this mandatory life sentence is violative of the Eighth Amendment of the U. S. Constitution as cruel and unusual punishment. With respect to statutes not requiring capital punishment, mandatory sentences are not unconstitutional. See Woodson v. North Carolina, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976). In State v. Prestridge, 399 So.2d 564 (La.1981), we upheld the mandatory life sentence imposed under R.S. 14:42, finding it a valid exercise of the state legislature's prerogative to determine the length of sentence imposed for crimes classified as felonies.
Defendant finally contends that the trial court erred in imposing consecutive sentences for armed robbery and aggravated burglary, rather than ordering that those sentences be served concurrently with the life sentence for aggravated rape. As all of the charges against defendant arose from a single incident, defendant argues that imposition of consecutive sentences renders the sentences excessive.
Louisiana C.Cr.P. art. 883 provides in pertinent part:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all shall be served consecutively.
This Court has recognized concurrent, rather than consecutive, sentences as the general rule for convictions arising out of a single course of criminal conduct, at least for a defendant without a previous criminal record and in the absence of a showing that the public safety requires a longer sentence. State v. Ortego, 382 So.2d 921 (La.1980); State v. Underwood, 353 So.2d 1013 (La. 1977). However, we have never held a sentence to be excessive merely because consecutive sentences were imposed for convictions which arose from a single incident. Other factors must be considered. State v. *580 Ortego, supra. Moreover, the trial court is given wide discretion in the imposition of sentences within statutory limits, and the sentences imposed by that court should not be set aside as excessive in the absence of manifest abuse of its discretion.
The presentence investigation report prepared on this defendant, and referred to by the trial court during sentencing, revealed an extensive criminal record dating back to 1970. The trial court also noted that defendant had been on probation for burglary as a juvenile. Defendant was sentenced as a fourth felony offender, with previous convictions for aggravated battery, possession of stolen property and simple robbery. Defendant had been released from custody on this last charge only six months before the commission of the instant offense.
The trial court noted that no mitigating circumstances were presented by the presentence report. Citing the defendant's repetitive history of criminal conduct, the trial court imposed the sentences set forth above. In light of defendant's prior record and his propensity for violence, we conclude that the trial judge did not abuse his discretion in imposing consecutive, rather than concurrent, sentences in the instant case.
Defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[*] Judge Walter I. Lanier, Jr. of the Court of Appeal, First Circuit and Judges Fred S. Bowes and Nestor L. Currault, Jr. of the Twenty-Fourth Judicial District Court participated in this decision as Associate Justices pro tempore, joined by Associate Justices Calogero, Dennis, Blanche and Lemmon.