# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-1296


STATE OF LOUISIANA

VERSUS

ALFRED MAYO


**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. CR-2013-0633
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE

**********

## ELIZABETH A. PICKETT
## JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**Edward J. Marquet**
**Louisiana Appellate Project**
**P. O. Box 53733**
**Lafayette, LA 70505-3733**
**(337) 237-6841**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **Alfred Mayo**

**Herbert Todd Nesom**
**District Attorney, Thirty-Third Judicial Court**
**Joe Green**
**Assistant District Attorney**
**P. O. Box 839**
**Oberlin, LA 70655**
**(337) 639-2641**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**PICKETT, Judge.**

## FACTS

The defendant, Alfred Mayo, was indicted on February 8, 2013, on ten counts of aggravated rape, violations of La.R.S. 14:42, three counts of sexual battery, violations of La.R.S.14:43.1, and one count of indecent behavior with a juvenile, a violation of La.R.S. 14:81. A jury trial commenced on September 23, 2014, and the defendant was found guilty as charged on September 24, 2014. He was sentenced on September 30, 2014, to ten terms of life imprisonment for the aggravated rape convictions, twenty-five years imprisonment on each of the three counts of sexual battery, and two years imprisonment on the single count of indecent behavior with a juvenile. All sentences were ordered to be served concurrently without the benefit of probation, parole, or suspension of sentences.

The defendant filed a "Motion for New Trial/Post Verdict Judgment of Acquittal and Motion for Reconsideration of Sentence" on October 6, 2014, which was denied without written reasons.

The defendant has perfected a timely appeal wherein he asserts the life sentences imposed on the convictions for aggravated rape were excessive under the circumstances of his case.

Between the dates of May 2012 and August 2012, the defendant who was twenty-one years old, had repeated sexual intercourse with the victim, M.B., who was twelve years old at the time.[1]

---

[1]The victim's initials are used to protect her identify. La.R.S. 46:1844(W).

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENT OF ERROR

For his single assignment of error, the defendant alleges that the life imprisonment sentences are excessive considering that he was only twenty-one years old at the time of the offenses, that he has no prior criminal history, and that the sexual contact was consensual.

Rapeis defined, in pertinent part, as "the act of anal, oral, or vaginal sexual intercourse with a male or female person committed without the person's lawful consent." La.R.S. 14:41. In pertinent part, La.R.S. 14:42 provides:

> A. Aggravated rape is a rape committed upon a person sixty-five years of age or older or where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
>
> . . . .
>
> (4) When the victim is under the age of thirteen years. Lack of knowledge of the victim's age shall not be a defense.

This court has set out a standard to be used in reviewing excessive sentence claims, as follows:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of

discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied,* 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling,* 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

In *State v. Smith,* 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, this court added further structure to the analysis:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook,* 95-2784 (La.5/31/96); 674 So.2d 957, 958.

In the current case, at the sentencing hearing, the trial court stated:

Mr. Mayo, the Court takes into consideration the evidence presented at trial that we just had in this matter. And I have, also, taken into consideration the sentencing guidelines found in Code of Criminal Procedure Article 894.1. This is a very tragic situation. Mr. Mayo, you are a very young man, you are only 24 years old. You have got a wife and three children. And I know from the testimony that you had a mother who was gravely injured in a fire and that you took care of her for some time. And I know you have, at least, a brother with whom you were close. As a result of your actions, your children will not have a father in their lives. And most tragic, though, is what you have done to [the] life of [M]. According to her own testimony at trial, she loves you and probably blames herself for you going to jail. Since you have gone to jail she has been to Crossroads twice, she has been in-patient in Shreveport once because of the damage your actions have

3

caused to her mental and emotional well[-]being. Hopefully, with time she can heal and have a normal, happy life.

The trial court further noted that the life sentence is mandatory in the case of aggravated rape. *See* La.R.S. 14:42(D).

In brief, the defendant argues that there was no "grave and irreparable injury to M.B." He asserts any harm that she has suffered is due to the "severe punishment" imposed on him. He argues that he has no prior criminal history. He asks whether he deserves "to die in prison for his actions" or deserves the "same sentence that a stalker who brutally rapes or a repeat violent offender." For these reasons, the defendant asserts that considering his young age and that the victim loved him and wanted to have sex with him, the life sentences are constitutionally excessive.

> [A] trial court may reduce a presumptively constitutional sentence if it determines the sentence makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounts to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime" as applied to a particular defendant. *State v. Dorthey*, 623 So.2d 1276, 1280-81 (La.1993). A court may only depart from the mandatory sentence if it finds clear and convincing evidence that would rebut the presumption of constitutionality. *State v. Johnson*, 97-1906, p. 7 (La.3/4/98), 709 So.2d 672, 676. Downward departures from mandatory sentences should only occur in rare cases. *State v. Berniard*, 03-484, p. 12 (La.App. 5 Cir. 10/15/03), 860 So.2d 66, 75, *writ denied*, 03-3210 (La.3/26/04), 871 So.2d 345.

> When a defendant seeks a downward deviation from the mandatory sentence, he has the burden to rebut the presumption of constitutionality by showing by clear and convincing evidence that he is exceptional, namely that he is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the gravity of the offense, the culpability of the offender, and the circumstances of the case. *Berniard*, 03-484 at 13, 860 So.2d at 75. A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. *State v. Dorsey*, 07-67, p. 5 (La.App. 5 Cir. 5/29/07), 960 So.2d 1127, 1130.

*State v. Jacobs*, 07-887, pp. 85-86 (La.App. 5 Cir. 5/24/11), 67 So.3d 535, 593-94, *writ denied*, 11-1753 (La. 2/10/12), 80 So.3d 468, *cert. denied*, ___ U.S. ___, 133 S.Ct. 139 (2012) (footnote omitted).

In *State v. Kiger,* 13-69 (La.App. 5 Cir. 10/30/13), 128 So.3d 552, the defendant was eighteen years old when he had sex with a girl under the age of thirteen. The defendant argued that considering his youth, the life sentence was excessive. The fifth circuit noted:

> The Louisiana Supreme Court has previously held that a mandatory life sentence for aggravated rape is a valid exercise of the state legislature's prerogative to determine the length of sentence for crimes classified as felonies. *State v. Farria,* 412 So.2d 577 (La.1982); *State v. Prestridge,* 399 So.2d 564 (La.1981). The mandatory life sentence for aggravated rape is a not a violation of the prohibition against excessive punishment. *See, State v. Talbert*, 416 So.2d 97, 102 (La.1982) and *State v. Lewis*, 98-672 (La.App. 5 Cir. 3/10/99); 732 So.2d 556, 560, *writ denied,* 99-2818 (La.4/20/00); 760 So.2d 334. Defendant did not urge a downward deviation at the time of sentencing. Defendant has not shown any exceptional circumstances to justify a downward departure from the mandatory life sentence. Additionally, he has failed to carry his burden of proof that his life sentence for aggravated rape is unconstitutionally excessive.

*Id.* at 560-61.

In *State v. Arabie*, 07-806 (La.App. 5 Cir. 3/11/08), 982 So.2d 136, *writ denied*, 08-928 (La. 11/21/08), 996 So.2d 1104, the defendant argued that a life sentence for aggravated rape was excessive considering there was only oral sex and no penetration. He further argued that "the statutorily mandated life sentence fail[ed] to distinguish rapists from murderers and contends that a child could be raped in numerous ways that [were] far more heinous than the present case." *Id.* at 142. The fifth circuit did not find this argument persuasive.

In the current case, the victim, who stated she was in love with the defendant, was only twelve years old at the time of the offenses. The defendant was twenty-one and married with three children. He manipulated a young girl who, by virtue of her age, could not legally consent to engaging in sexual intercourse. In fact, he told the police that he had told the girl she should break up with him because he could go to jail. The defendant was aware of the wrongness of his behavior but chose to put the responsibility on the child. He continues to do so. As correctly noted by the trial court, the victim has required in-patient treatment as a result of the emotional and mental issues she has suffered directly related to his victimization of her at such a young age. The defendant has failed to demonstrate by clear and convincing evidence that he was entitled to a downward deviation of the mandatory life sentence.

There is no merit to this assignment of error.

## CONCLUSION

The sentences of ten terms of life imprisonment for the aggravated rape convictions, twenty-five years imprisonment on each of the three counts of sexual battery, and two years imprisonment on the single count of indecent behavior with a juvenile are affirmed.

**AFFIRMED.**