Judgment rendered January 10, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,454-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

MARQUIS MOSS                                Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 364,980

Honorable John Mosely, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Lieu T. Vo Clark

JAMES E. STEWART, SR.                   Counsel for Appellee
District Attorney

CHEYENNE YVETTE WILSON
JOHN CLAUDE PHILLIPS
Assistant District Attorneys

* * * * *

Before COX, HUNTER, and ELLENDER, JJ.

**ELLENDER, J.**

Marquis Moss, convicted of armed robbery, appeals his sentence of 50 years at hard labor, without benefits, to be served consecutive to a 115-month sentence on a federal firearms charge. For the reasons expressed, we affirm.

On the evening of February 8, 2019, Deirdre Weller, a Lyft driver, was parked in a parking spot near the railroad tracks between the Hustler Club and Sam's Town Casino parking garage in Shreveport, awaiting potential ride requests. As she was scrolling through her phone, not paying attention, a man approached her and asked for a light; she replied she didn't smoke. He then asked her what she was doing; when she said she was a Lyft driver, the man opened the door, got in the car, and told her to take him "up the road for $15." Sensing no alternative, Deirdre said she would.

As she drove, she tried to tap the emergency icon on her Lyft app but the man snatched the phone from her, pulled a gun, cradled it in his lap, pointed it at her, and ordered her to take him to Monkhouse Drive. She replied she didn't have enough gas to go all that way, but he told her just to keep on driving. Keeping the gun on her from his lap, he gave her directions. He volunteered that he had just come from the casino, lost all his money, and he was going to the strip club. As they drove under I-20 toward Youree Drive, he made "small talk."

Deirdre was unfamiliar with the area and terrified; all she could think about was getting home to her children. The man directed her down an alley that was remote and overgrown, and told her to put the car in park. He then asked where she kept the money; she explained that all payments were made

through the app, so she had no cash in the car.  The man then ordered her to "get the f*uck out" and get on her knees; fearing the worst, she pleaded with him for her life, and told him about her kids at home.  He did not shoot her, but he got in the car and drove off, with her purse and phone.  Fortunately, Deirdre was able to flag down a passing driver and tell him about her plight.  He called 911 for her.

Deirdre provided a description of her assailant, and police developed Moss as a suspect from the surveillance video of a nearby business.  She positively identified him in a photo lineup.

As noted, Moss was charged with armed robbery and second degree kidnapping.  At trial, she described the terrible effects this incident had on her, including PTSD, fear of the dark, fear of driving, and fear of leaving her house.  She also testified that her relationship suffered, as the police kept her car for some time, during which her fiancé could not get to work.

The jury unanimously convicted Moss of armed robbery but acquitted him of kidnapping.  The court sentenced him to 50 years at hard labor, without benefits, consecutive with "any other sentence you're required to serve."  On initial appeal, this court affirmed the conviction but vacated the sentence as indeterminate, in violation of La. C. Cr. P. art. 879.  *State v. Moss*, 54,585 (La. App. 2 Cir. 10/5/22), 350 So. 3d 204.

On remand, the district court imposed the same 50 years at hard labor, without benefits, but made it consecutive with "the previously imposed sentence" of 115 months (9 years and 7 months) on a federal firearms charge.

Moss appealed, raising one assignment of error: his 50-year sentence is unconstitutionally excessive.  He argues that he is 34 years old, so the 50-

year sentence, plus over 9 years in federal prison, is essentially a life sentence. He cites the constitutional guarantee against excessive punishment, La. Const. art. I, § 20, and the standard of review, "grossly disproportionate to the severity of the offense" or "nothing more than needless infliction of pain and suffering," *State v. Bonanno*, 384 So. 2d 355 (La. 1980). He also argues that when convictions arise out of a single course of conduct, concurrent sentences are the rule, at least for a defendant without a previous criminal record who does not pose an unusual risk to the public, *State v. Ortego*, 382 So. 2d 921 (La. 1980). He contends he was "evidently" under the influence of drugs, as observed by law enforcement, and thus there is evidence to show he is a drug addict; the court did not order a PSI; and this was "Mr. Moss' first crime of violence conviction." Even though 50 years is within the statutory range, he concludes it is excessive "in this case."

A reviewing court applies a two-prong test to determine whether a sentence is excessive. First, we examine the record to see if the trial court used the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects adequate consideration of the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Boehm*, 51,229 (La. App. 2 Cir. 4/5/17), 217 So. 3d 596. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence. La. C. Cr. P. art. 894.1 (C). The goal of Art. 894.1 is an articulation of the factual basis for the sentence, not simply a mechanical compliance with its provisions. *State v. Lanclos*, 419 So. 2d 475 (La. 1982).

On review, we find adequate compliance with Art. 894.1. On original sentencing, the district court specifically referred to Moss's prior state

3

convictions, attempted distribution of false CDS in 2011 and carnal knowledge of a juvenile in 2013, and the conviction on the federal gun charge; the court deemed these "aggravating factors under paragraph [subsection 894.1] B(21)." The court also found that Moss placed his victim "in serious fear of being raped as well as being murdered," pointed a gun at her, and "ordered her to take him somewhere at gunpoint." The court concluded that a lesser sentence would deprecate the seriousness of the crime and that Moss "likely will repeat the offense or a similar offense if given the opportunity to do so." The trial transcript fully supports these findings. When offered the opportunity to make a statement, Moss said he was "sorry for my reactions on the day that I was arrested and that – that's it." The court apparently assigned some weight to this tepid apology, imposing a midrange sentence for a repeat felony offender. The district court adequately complied with Art. 894.1.

The second prong is constitutional excessiveness. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering, *State v. Dorthey*, 623 So. 2d 1276 (La. 1993). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166. A trial court has wide discretion to sentence within the statutory limits; absent a showing of manifest abuse of that discretion, such a sentence will not be set aside as excessive. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Fruge*, 14-1172 (La. 10/14/15), 179

4

So. 3d 579. The sentencing court is not limited to considering only prior convictions and may review all evidence of prior criminal activity, including evidence that would otherwise be inadmissible at trial, e.g., prior arrests, hearsay evidence of suspected criminal acts, conviction records, and evidence of uncharged or nol prossed offenses. *State v. Washington*, 414 So. 2d 313 (La. 1982); *State v. Dale*, 53,736 (La. App. 2 Cir. 1/13/21), 309 So. 3d 1031, and citations therein.

The penalty for armed robbery is imprisonment at hard labor for not less than 10 years and not more than 99 years, without benefit of parole, probation, or suspension sentence. La. R.S. 14:64 (B).

On review, we find no abuse of the district court's sentencing discretion and no violation of Art. I, § 20. The 50-year sentence, though long, is only midrange, giving generous weight to Moss's age and the prospect that he may have been under the influence of CDS at the time of the offense. A long sentence was warranted, given the shocking, almost terroristic nature of Moss's conduct, his troubling criminal history, and his apparent lack of remorse. The sentence does not approach shocking the sense of justice.

Regarding concurrent and consecutive sentences, La. C. Cr. P. art. 883 provides:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.

The decision to make sentences consecutive rather than concurrent is within the trial court's discretion. *State v. Farria*, 412 So. 2d 577 (La.

1982).  When the court makes a sentence consecutive, it must state the considerations, which may include the defendant's criminal history, the gravity or dangerousness of the offense, the viciousness of the crimes, the harm done to the victims, whether the defendant constitutes an unusual risk of danger to the public, the potential for the defendant's rehabilitation, and whether the defendant has received a benefit from a plea bargain.  *State v. Gant*, 54,837 (La. App. 2 Cir. 1/11/23), 354 So. 3d 824, and citations therein.

Although the district court did not specifically delineate the reasons for making this sentence consecutive to the federal sentence, the colloquy shows ample consideration of Moss's criminal history, the viciousness of his conduct, his danger to the public, and his low prospects of rehabilitation.  Moreover, the instant offense occurred on February 8, 2019, and the arrest on the federal firearms charge two weeks later, on February 22, 2019.  The weapon seized in the latter turned out to be the same one used in the former, but otherwise there is no basis to assert the offenses were the same act or transaction, and little to assert they were parts of a common scheme or plan.  On this record, we find no abuse of the district court's discretion to make this sentence consecutive to the federal sentence.  The assignment of error lacks merit.

For the reasons expressed, the conviction and sentence are affirmed.

**AFFIRMED.**